## ROCK ISLAND IMPROVEMENT CO. et al. v. SAMMONS et al.

No. 24745. Jan. 23, 1934.

Rehearing Denied Feb. 27, 1934.

Randolph, Haver, Shirk & Bridges, for petitioners.

Lester & Briggs, Claud Briggs, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to procure a review of

an award of the State Industrial Commission.

The record shows an- accidental personal injury within the provisions of the Workmen's Compensation Law (chapter 72, O. S. 1931) resulting in permanent partial disability, for which no compensation has been paid, and an award therefor. It also shows that prior to the making of the award in question, the claimant was paid compensation for temporary total disability resulting from the injury; that he signed a stipulation in which he acknowledged receipt of the amount of compensation paid, in full satisfaction of the claim for temporary total disability, and that across that stipulation there was written the word "closed."

The petitioners contend that the State Industrial Commission was without jurisdiction to make the award in question, and they base that contention on a provision of section 4, chapter 29, Session Laws 1933. That provision has no application to the facts shown by the record in this case. It relates to the reopening of cases upon applications based "upon a change in condition."

This record shows an award made for permanent partial disability after a settlement of a claim for temporary total disability. An award for permanent partial disability may be made without any allegation or showing of a change of condition, where the only prior award was for temporary total disability. Dailey, Crawford & Pevetoe et al. v. Rand et al., 155 Okla. 229, 8 P. (2d) 738; Interstate Window Glass Co. et al. v. Candler, 166 Okla. 59, 26 P. (2d) 198. The State Industrial Commission had the jurisdiction to make the award. Steffens Ice Cream Co. v. Jarvis et al., 132 Okla. 300, 270 P. 1103; Caswell et al. v. Bird et al., 160 Okla. 224, 16 P. (2d) 859.

The record shows no stipulation as to the facts, and the stipulation shown by the record shows no settlement contemplated or made other than for the temporary total disability.

When notice of the injury was filed with the State Industrial Commission, it acquired jurisdiction to make an award for temporary total disability, if any, and for permanent partial disability, if any. The fact that an award was made for temporary total disability in no wise deprived the State Industrial Commission of jurisdiction to make an award for permanent partial disability. This it could do without any allegation or showing of a change of condition.

We find no error in the award of the State Industrial Commission, and the petition to vacate the same is denied.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.