## SOUTHWESTERN BRIDGE & CULVERT CO. et al. v. SULLENGER.

No. 25023.　March 20, 1934.

Jas. C. Cheek and Frank E Lee, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Frank Nesbitt, and Gayle M. Pickens, for respondent.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission entered in favor of Joe Sullenger, claimant, against H. C. Romines and the Southwestern Bridge & Culvert Company, respondents.

On September 24, 1931, claimant filed his first notice of injury on the Commission's form No. 3. Therein it was stated that on July 21, 1931, while employed by Henry Romines and the Southwestern Bridge & Culvert Company, he received an accidental personal injury by a small piece of rock striking him in the left eye; that the eyeball became infected, which necessitated the removal of the eye. Respondent Southwestern Bridge & Culvert Company was notified, and in lieu of their regular notice of in-

jury, filed with the Industrial Commission the following letter:

"State Industrial Commission,
"State Capitol Bldg.,
"Oklahoma City, Oklahoma.

"Gentlemen:

"With reference to the attached form No. 2, which you sent us through the mail and which we received today, wish to advise that we are returning same herewith not filled out for the reason that we contend that this man was not hurt on any work we had any connection with. Below are the facts in the case as we have gathered them:—

"This man Sullenger had a team which he hired out to Mr. H. C. Romines of Lawton, Okla., who is a subcontractor and who had a subcontract on some grading work we had in Craig county, Okla., known as federal aid project No. 243-E. This man Joe Sullenger did not drive the team himself, but had his son drive it most of the time.

"Mr. Romines had no one hurt on the work in Craig county and made no report to Romines of having had his eye hurt. According to several competent witnesses we talked to, this man Joe Sullenger got a thorn in his eye while helping some farmers thresh near Chetopa, Kan., where he lives. His eye later became infected and it had to be removed. Mr. W. H. Leake, another subcontractor on the job at the same time, says it was common talk around Chetopa, Kan., and also around Welch, Okla., that this man Sullenger got this thorn in his eye. . Sullenger claims that while plowing on the road a small piece of rock got in his eye. We contend that he was not hurt in any way on any of our work; that he is trying to obtain money under false pretenses. These fellows working around Ottawa county are mostly miners or have worked around the lead and zinc mines and if they can stick anybody for anything, most of them will try to do it. A report has been turned into your office, but it was made out by some lawyer at Miami, Okla., named Nesbitt, and we know nothing about it more than that, since we contend that this man Sullenger was not hurt in any way while working for us, we have no report to make on the case other than this letter of explanation to you.

"Respectfully yours,
"Southwestern Bridge & Culvert Co.
"By W. S. Gaston."

A hearing was had before the Commission and an award entered in favor of the claimant. The award was reviewed by this court and vacated. Southwestern Bridge & Culvert Co. v. Sullenger, 163 Okla. 68, 20 P. (2d) 891. Syllabus 5 of said case sets out the grounds upon which the award was vacated, as follows:

"Record examined, and held, (1) that there is no competent evidence showing the relation of master and servant between Henry Romines and Joe Sullenger; (2) that there is no competent evidence to show that the employer had actual notice of the injury; (3) that there is no competent evidence to show that notice could not have been given to the employer or that the employer was not prejudiced by the failure of the alleged injured employee to give the 30 days' notice required by section 7292, C. O. S. 1921 (sec. 13358, O. S. 1931); (4) that if under any circumstances the Southwestern Bridge & Culvert Company and the New Amsterdam Casualty Company were liable, then their liability would only be secondary and not primary."

The cause was remanded to the Commission with directions to take further proceedings, and another hearing was had. At the conclusion thereof the Commission entered its findings of fact and made an award in favor of claimant for 100 weeks' compensation at the rate of $9.23 per week for the loss of his left eye and all necessary medical expenses. In said award, H. C. Romines was adjudged primarily liable and the Southwestern Bridge & Culvert Company and its insurance carrier secondarily liable. This award is herein presented for review.

The same propositions are presented as in the former petition for review. They will be discussed herein in the same order as in the former case.

Upon the second hearing, claimant testified that he was employed by one Claude Romines, son of Henry Romines who had left him in charge of the work. He also testified that he received one pay check from Henry Romines. This testimony was not disputed by either of the respondents. Clearly this is sufficient to show that Romines recognized claimant as an employee. Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611. Claimant also testified that Romines was a subcontractor of the Southwestern Bridge & Culvert Company, and this testimony was not disputed. It is also noted that the letter of respondent Southwestern Bridge & Culvert Company, which was treated as the answer of said company in this action, stated that Romines was a subcontractor of the company.

In the former hearing before this court it was found that there was no competent evidence to show that notice was given to the company and the Commission failed to find that the employer was not prejudiced

by failure to give the 30 days' notice required by section 13358, O. S. 1931. In this connection, claimant testified that he gave actual notice to the party left in charge of the work. We believe that this notice was transmitted to the company, as their letter to the Commission, dated October 2, 1931, states that they had previously talked to several competent witnesses and had been informed that claimant got a thorn in his eye while threshing near Chetopa, Kan. It is evident that an investigation of the case had been made by the company. The Commission found that respondent had actual notice and was not prejudiced by the failure of claimant to give the 30 days' written notice. This is a finding of fact and is supported by some competent evidence.

It was pointed out that in the former hearing before this court the award of the Commission was defective in form in that there was no finding of primary and secondary liability. As hereinabove stated, said defect has been cured by the latter award.

Respondent contends that the evidence does not support the award of the Commission for medical expenses, citing Whitehead Coal Mining Co. v. State Industrial Commission, 89 Okla. 24, 213 P. 838, Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566; Skelly Oil Co. v. Skinner, 162 Okla. 150, 19 P. (2d) 548, which held that the employer is not liable for medical expenses where medical treatment is not requested by the employee. Claimant contends that, inasmuch as the employer denied all liability, it would have been useless to request said treatment. We find no exception to the statutory rule which would justify claimant's position. Section 13354, O. S. 1931, provides that the employer is liable for medical expenses incurred by the employee only after the employer has been requested to provide the same. There was no emergency existing in the instant case, as it is shown that the eye did not become infected until several days after the date of the injury. There was ample time on the part of the employee to request said treatment, and by his failure to do so the employer was not liable for medical services procured by the employee without the knowledge or consent of the employer.

The award of the State Industrial Commission is sustained in all things except as to the award for medical expenses, which is vacated.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.