## MAGNOLIA PETROLEUM CO. v. PHILLIPS et al.

No. 25043. June 26, 1934.

Rehearing Denied Sept. 11, 1934.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Morrison, Morrison & Morrison, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant. The parties hereinafter will be referred to as petitioner and claimant.

On January 31, 1929, the claimant received an accidental personal injury while in the employment of the petitioner, which was caused by his being struck in the face and on the nose with an iron pipe, and which resulted in a depressed fracture of the entire front of the nasal bone and a fracture of the outer plate of the frontal sinus. The claimant returned to work for the petitioner on March 7, 1929, and continued until May 2, 1931, on which date he alleged that he received another injury for which no claim was filed.

The State Industrial Commission made an award in favor of the claimant on October 5, 1929, in the sum of $500 for disfigurement, and in the sum of $72 for temporary total disability. No claim for permanent disability was considered at that time. On June 15, 1931, the claimant filed his request with the Commission for a hearing to determine the extent of his permanent disability, and alleged a change in condition since the hearing on October 4, 1929. Several hearings were had, and on January 2, 1932, an award was made in favor of the claimant for 300 weeks for permanent partial disability. An appeal was taken to this court (Magnolia Petroleum Co. v. Phillips

et al., 162 Okla. 149, 19 P. (2d) 576). This court vacated the award on account of the inconsistency in the wording of the award, and remanded the cause to the State Industrial Commission, with directions to make consistent findings of fact and to refuse or award compensation accordingly.

On August 23, 1933, after further hearings, the Commission made the award here complained of, finding that the claimant was totally and permanently disabled, and awarding him 500 weeks' compensation, less the amount previously paid for temporary total disability and disfigurement.

The petitioner contends that there is no competent evidence reasonably tending to substantiate the finding that a change in the condition of the claimant has taken place since the order of October 5, 1929.

The award made October 5, 1929, was for disfigurement and the Commission did not consider, allow, or disallow compensation for permanent disability. Under its continuing jurisdiction the State Industrial Commission, on its own volition and without a petition asking to reopen on account of change in condition, may set a cause for hearing and determine the extent, if any, of the claimant's permanent disability resulting from an injury, where no award has been made or refused for permanent injury. Rock Island Improvement Co. et al. v. Sammons et al., 167 Okla. 398, 29 P. (2d) 945; Dailey, Crawford & Pevetoe et al. v. Rand et al., 155 Okla. 229, 8 P. (2d) 738; Interstate Window Glass Co. et al. v. Candler et al., 166 Okla. 59, 26 P. (2d) 198, and Caswell et al. v. Bird et al., 160 Okla. 224, 16 P. (2d) 859. There was no stipulation in the form of receipt and nothing in the award showing any settlement contemplated or made other than for temporary total disability and disfigurement.

The petitioner contends that there is no testimony reasonably tending to support the findings of the Commission showing that the claimant had any permanent partial disability or that he was totally and permanently disabled.

The record shows that the claimant received a severe injury. Whether or not it is permanent was a question of fact, and the finding of the State Industrial Commission that it is permanent, being supported by competent evidence, is affirmed.

The remaining question is whether or not the disability is total. While Dr. Gregory testified that the claimant is totally and permanently disabled, that was merely his conclusion. The undisputed facts shown by the record show clearly that the claimant is not totally disabled, either in fact or industrially.

This cause is remanded to the State Industrial Commission, with directions to enter an award under the permanent partial disability provision of the statute.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.