**MARLAND OIL CO. et al. v. SANS et al.**

No. 25149. Sept. 11, 1934.

Randolph, Haver, Shirk & Bridges, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, and Charles D. Reed, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein.

On July 26, 1926, the claimant received an accidental personal injury which arose out of and in the course of his employment with the petitioner, and which resulted in a temporary total disability within the provisions of subdivision 2, section 13356, O. S. 1931. His temporary total disability ceased on September 25, 1926, on which date he returned to work for the petitioner at the same kind of work in which he was engaged at the time of the injury and at the same wage. He was paid full compensation for temporary total disability. The State Industrial Commission neither made nor denied an award for permanent partial disability.

On November 19, 1932, the claimant filed a motion to reopen his case, alleging that he had sustained a change of condition for the worse, and that his injury was permanent. On October 16, 1933, the State Industrial Commission made an award in favor of the claimant after finding, among other things:

"That on the 25th day of September, 1926, the Commission made its order approving the settlement made on Form 7 for claimant's temporary total disability in the amount of $121.26; that claimant thereafter returned to work for the Empire Refining Company, and other companies, and worked for approximately 90 weeks, altogether during which time he drew approximately the same wages as before the injury; but that by reason of said accidental injury, and since September 25, 1926, with the exception of the 90 weeks, claimant has had a change of condition, in that his disability became worse so that he has a permanent partial disability, as a result of said accidental injury, and by reason of which claimant has suffered a decrease in wage-earning capacity of approximately 50 per cent., or a reduction in wage-earning capacity from $4.40 per day to $2.20 per day, making his new rate of compensation $8.46 per week for a period of 300 weeks from and after September 25, 1926, less the 90 weeks that he was able to draw approximately the same wages."

The petitioners contended in their original brief that the State Industrial Commission had no jurisdiction to reopen this case under the limitations provided for in chapter 29, section 4, Session Laws 1933, amending section 13367, O. S. 1931. Since the filing of the petitioners' original brief, this court has held contrary to that contention, and the petitioners have withdrawn that question from the consideration of this court. See **Rock Island Improvement Co. et al. v. Sammons et al.**, 167 Okla. 398, 29 P. (2d) 945.

The claimant testified that when he returned to work he began working for the

petitioners at the same wage, and worked for about a year; that he was then laid off, not on account of his inability to work, but on account of a general lay-off; that four years after the accident he went to work for the Empire Refining Company as a pipe fitter, and worked there for a period of six or seven months, working regularly for 50 cents an hour, which was the regular price paid by that company for similar work, and that he quit working for that company on account of his wife's health.

The State Industrial Commission found that the claimant had a permanent partial disability after September 25, 1926, which was the result of the accidental injury received on July 26, 1926, and that it had so increased as to cause the claimant to suffer a decrease in wage-earning capacity from $4.40 per day to $2.20 per day for 300 weeks, less 90 weeks that he was able to draw approximately the same wage.

There was no competent testimony to support the finding of the State Industrial Commission.

We are fully aware of our decisions holding that under the provisions of the Workmen's Compensation Act the findings of fact of the State Industrial Commission should be followed, but the qualifier is that there must be evidence reasonably tending to support the award. Continental Oil Co. et al. v. Pitts et al., 158 Okla. 200, 13 P. (2d) 180; Eagle-Picher Lead Co. v. Black et al., 164 Okla. 67, 22 P. (2d) 907.

Where there is no competent evidence reasonably tending to support the award of the State Industrial Commission, the same is not binding on this court. Magnolia Petroleum Co. v. Richey et al., 165 Okla. 299, 25 P. (2d) 762.

The award of the State Industrial Commission is vacated.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.