**SHELDON OIL CO. et al. v.
THOMPSON et al.**

No. 26485. April 14, 1936.

Randolph, Haver, Shirk & Bridges, for petitioners.

Claud Briggs and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Sheldon Oil Company and its insurance carrier, the Travelers Insurance Company, as petitioners, wherein they seek the review and vacation of an order and award made by the State Industrial Commission on June 10, 1935, in favor of the respondent Harry Thompson. The parties will hereafter be referred to as petitioners and respondents.

The record reveals that on February 20, 1932, the respondent, while in the employ of the petitioner Sheldon Oil Company, sustained an accidental personal injury. Petitioners subsequently furnished medical attention and hospitalization. Claim for compensation was filed with the State Industrial Commission and heard on December 13, 1932, and resulted in an order and award of January 7, 1933, for compensation to the respondent on account of temporary total disability resulting from the accidental injury. This order became final, and thereunder the petitioners paid compensation and furnished medical care and attention to the respondent until April 27, 1934, at which time they filed an application with the commission to suspend any further compensation. A hearing was had on this application, and on July 7, 1934, the commission denied the same and ordered the petitioners to tender the respondent further medical attention. Pursuant to the above-mentioned order the petitioners furnished respondent an operation in October, 1934, and subsequent operation in March, 1935. Thereafter the commission, apparently on its own volition, set the matter down for further hearing on May 10, 1935, and held a hearing thereon on May 24, 1935, at which time all parties were present and represented, and the petitioners were informed that the purpose of the hearing was to determine the extent of the respondent's disability. At this hearing it was conceded that the petitioners had already paid compensation on account of temporary total disability for a period of 163 weeks, making a total compensation paid in the sum of $2,193.88. Petitioners concede that at this hearing three physicians testified unequivocally that respondent was permanently and totally disabled as a result of the injury which he had sustained on February 20, 1932; and two other physicians testified that in their opinion the respondent was capable of performing certain light labor. On June 10, 1935, the commission entered the order and award which we are now called upon to review. Therein they found that as a result of the injury of February 20, 1932, the respondent had been permanently and totally disabled from the performance of ordinary manual labor from March 3, 1932, and ordered:

"That within fifteen days from this date said respondent, Sheldon Oil Company, and/or its insurance carrier herein, pay to Harry Thompson, claimant, the sum of $2,288.20, or 170 weeks' compensation at the rate of $13.46 per week, computed from March 8, 1932, to June 10, 1935, less any sum or sums heretofore paid as compensation in this case, and that the payment of said compensation be continued from June 10, 1934, at $13.46 per week until claimant shall have been paid for a total period of 500 weeks, in the total sum of $6,730, for the permanent and total disability herein; and it is further ordered: That said respondent and/or its insurance carrier herein pay all expenses incurred by claimant incident to and connected with medical and surgical treatment occasioned by his accidental injury of February 20, 1932."

The petitioners challenge the finding of the commission with respect to permanent total disability and the order relative to payment of medical and surgical expenses.

The petitioners contend that the State Industrial Commission is not authorized to declare a claimant's total disability permanent unless the disability is one defined by the statute as such by reason of loss of certain members or unless the disability continues after the expiration of 300 weeks.

In support of this contention we are cited to subdivisions 1 and 2 of section 13356, O. S. 1931, which read as follows:

"1. Permanent Total Disability: In case of total disability adjudged to be permanent, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding 500 weeks; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases, permanent total disability shall be determined in accordance with the facts.

"2. Temporary Total Disability: In case of temporary total disability, sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of 300 weeks, except as otherwise provided in this act."

It will be observed from a reading of the above-quoted sections of the statute that the concluding paragraph of subdivision 1 of section 13356, supra, provides:

"In all other cases, permanent total disability shall be determined in accordance with the facts."

Thereby the Legislature recognized the fact that in some instances a permanent total disability might result where there has been no loss of any members of the body. Counsel for petitioners apparently overlook this paragraph of the statute and do not discuss it in their brief, but urge that since by subdivision 2 of section 13356, supra, the Legislature provided for compensation on account of temporary total disability for a period not to exceed 300 weeks, therefore they intended thereby to provide a healing period in all cases of total disability wherein loss of members is not involved, and that consequently until such period provided for temporary total disability had expired, the commission is required to confine its awards to a continuing temporary total disability. No authority is cited in support of this position and we have been unable to find any. On the contrary, the previous decisions of this court, as far as applicable, have announced a contrary rule. The construction which petitioner would have us place upon the above-quoted sections of the statute would ignore all distinction between the type of injury permanent and temporary, and would in effect have us hold that all injuries where there is no loss of members as enumerated in subdivision 1 of section 13356, supra, shall be termed temporary for the first 300 weeks and only

where the condition continues thereafter be declared permanent. The Legislature might have written the law to thus provide, but did not do so. On the contrary, it left the question of whether injury was permanent or temporary as one of fact to be determined by the State Industrial Commission. As pointed out by Mr. Justice McNeill, speaking for this court in the case of Hamilton & Hartman v. Badgett, 164 Okla. 31 (loc. cit. 35), 22 P. (2d) 350:

"The question of determining just when temporary total disability ceases and permanent partial, or permanent total disability or both, may succeed as a result of the original injury, are questions of fact to be determined by the commission, and often are not free from difficulty.

"When an employee sustains a compensable injury which results in temporary total disability, he is entitled to receive compensation for temporary total disability during the time he is suffering from such temporary total disability, and it often occurs that in such matters the commission cannot determine or foretell with certainty just when temporary total disability will cease, or whether the injured employee will be restored to complete normalcy. Poast v. Omaha Merchants Express & Transfer Co. (Neb.) 186 N. W. 540. Each case presents different facts. To determine when temporary total disability may cease and when or whether permanent partial or permanent total disability will succeed, frequently calls for expert medical testimony in connection with all the facts and circumstances in the case. This expert evidence sometimes and very often does vary with the individual doctors.

"If an injured employee sustains a compensable injury which results in temporary total disability, and, if at the time of the hearing to determine the extent of such disability the injury is of such a nature and character that the extent of such disability cannot then be determined, then the commission is authorized to award such employee compensation for temporary total disability under the schedule of compensation provided for in section 7290, C. O. S. 1921, as amended, not in excess of 300 weeks during the continuance of such temporary total disability, or until such time arrives within said period of limitation when it can be ascertained or determined that such temporary total disability has ended or ceased. See Dosen v. East Butte Copper Mining Co. (Mont.) 254 P. 880."

Likewise, as we have said in Stanolind Pipe Line Co. v. Brewer, 166 Okla. 29, 25 P. (2d) 1100:

"Under the Workmen's Compensation Law, even though it be difficult to deter-

mine when temporary total disability has ended or ceased, and when other disability, if any, to wit, permanent total, permanent partial, or temporary partial attributable to the original injury, succeeds, nevertheless, it is the statutory duty of the commission, either upon its own motion or upon proper application, to ascertain and determine the existence, if any, of such succeeding disability, as a question of fact, from the facts and circumstances presented by the record."

Petitioners complain that the commission set the matter for hearing on its own volition. In the performance of their statutory duty, they are authorized to do this at any time. As stated in Magnolia Pet. Co. v. Phillips, 169 Okla. 1, 35 P. (2d) 448:

"Where a proper award has been made for temporary total disability and where no award has been made or refused for permanent disability, the State Industrial Commission, on its own volition and without a petition asking to reopen on account of change in condition, may set the cause for hearing and determine the extent of the claimant's permanent disability resulting from an injury, if any."

An examination of the record in this case discloses the fact that the commission acted only after due deliberation; that some 170 weeks had elapsed since the injury and the finding by the commission that the disability was total and permanent. This finding was amply supported by competent evidence, and while it is true that there was some controverting evidence offered at the hearing, the commission as triers of fact were not bound to accept such testimony, and in proceeding as it did the commission acted clearly within its jurisdiction. As we have said in Adamson Coal & Mining Co. v. Pringle, 155 Okla. 122, 8 P. (2d) 51:

"Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

The contention of the petitioners that the Industrial Commission has no authority to enter an order for permanent total disability in the absence of loss of specific members until after a lapse of 300 weeks is without support under the law and must be denied.

Petitioners next contend that the order of the commission requiring them to pay all expenses incurred by respondent in connection with medical and surgical treatment occasioned by the accident of February 20, 1932, is erroneous in that it is too broad, since it required the petitioner to pay for all medical and surgical expenses incurred by the respondent whether the same were authorized or not. In support of this contention, we are cited to Southwestern Bridge & Culvert Co. v. Sullenger, 167 Okla. 498, 30 P. (2d) 881; Whitehead Coal & Mining Co. v. State Ind. Com., 89 Okla. 24, 213 P. 838; Skelly Oil Co. v. Barker, 132 Okla. 279, 270 P. 566; Skelly Oil Co. v. Skinner, 162 Okla. 150, 19 P. (2d) 548. We think that petitioners are correct in this contention. As said by Mr. Justice Osborn, speaking for this court in Southwestern Bridge & Culvert Co. v. Sullenger, supra:

"Employer is not liable for medical expenses incurred by employee where employee does not request such treatment."

The record does not disclose any request by the employee for medical treatment which was declined by the employer, and at the hearing on which the order now under review was based, there was no testimony introduced relative to the failure of employer to furnish medical care and attention. We think that the order of the commission as promulgated is too broad, and that the same should be modified so as to require the petitioners to pay for only such medical and surgical expenses as were incurred by the respondent under authorization of the petitioners or either of them. As so modified, the order and award will be affirmed.

Modified and affirmed.

OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.