## BOARD OF COUNTY COM'RS OF OKLA-HOMA COUNTY v. STATE INDUS-TRIAL COMMISSION et al.

No. 26687.  Oct. 20, 1936.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for petitioner.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the county commissioners of Oklahoma county, as petitioners, to obtain the review of an order and award made by the State Industrial Commission in favor of the respondent J. A. West.

A resume of the events leading up to and culminating in the award now under consideration reveals substantially the following situation: On April 1, 1932, the respondent was in the employ of the petitioners and engaged in a hazardous occupation as defined by the Workmen's Compensation Act. While so engaged respondent sustained an accidental injury as the result of a wooden form falling from a bridge and striking him across the back. Medical care and attention were furnished by the petitioners. The bridge from which the timber fell striking respondent was under construction by a third party. The respondent filed an election to sue the responsible third party for damages resulting by reason of said injury. Suit was brought for the recovery of $10,000 and later settled in compromise for the sum of $400 and the action dismissed without prejudice. This settlement was approved by the State Industrial Commission in an order under date of March 6, 1933, wherein the commission found that respondent had sustained a compensable injury under the Workmen's Compensation Act while in the employ of the petitioners and had obtained by suit and compromise on account of said injury from the responsible third party the sum of $400, which settlement was approved and further compensation denied, and which order retained jurisdiction to reopen the cause upon showing of change of condition.

Subsequent applications of the respondent to reopen the cause on alleged change in condition were denied by the commission in orders of July 17, 1933, and February 12, 1934, respectively. Thereafter, on July 20, 1935, respondent again applied to the commission to reopen the cause on the ground of a change in his condition for the worse. After hearings had on this last application the commission entered an order on September 9, 1935, as amended and corrected by order of September 10, 1935, wherein it was found that the respondent had suffered a change in condition for the worse, whereby he had sustained loss of earning capacity in the amount of $2 per day, which was attributable to his original injury, and awarded respondent compensation for a period of 300 weeks at $8 per week. This order and award we are now called upon to review.

Petitioners challenge the order and award upon two grounds, which may be summarized as: (a) That the order of the commission made on March 6, 1933, was not such an award as could be reopened; (b) that if said order should be construed as an award, then the evidence fails to sustain the present award on a basis of change of condition.

In order to arrive at a proper understanding of the matter and to reach the correct conclusion, it is necessary to examine and analyze the order of March 6, 1933. In this order the commission made four findings of fact as follows:

"(1) That on the 1st day of April, 1932, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law and that on said date, he sustained an accidental injury, arising out of and in the course of his employment, said injury being to his back.

"(2) That at the time of said accidental injury, the claimant's average daily wage was $2.50 per day.

"(3) That prior to this date, the claimant herein filed suit in the district court in and for Oklahoma county, Okla., against the third party, to wit: the Bybee Construction Company, and filed his election with the State Industrial Commission, showing that the claimant had elected to sue third party, to wit, the Bybee Construction Company.

"(4) That as a result of said suit, the claimant recovered the sum of $400 as a result of said accidental injury. Said sum being an agreed judgment."

Upon the above findings the commission then entered the following order:

"It is therefore ordered: That the settlement made in the district court in and for Oklahoma county, Okla., be and the same is hereby approved, and that the claimant's claim for further compensation be and the same is hereby denied, but that this cause be subject to the continuing jurisdiction of the commission on a change of condition."

In the order and award now before us the commission sought to construe and interpret the findings in the foregoing order, and in this connection made, inter alia, the following findings:

"(1) That heretofore, and on the 6th day of March, 1933, pursuant to hearings had in this cause, the commission made an order finding that the claimant was in the employment of the respondent on the 1st day of April, 1932, and that on said date sustained an accidental injury, arising out of and in the course of his employment, said injury being to his back, and said employment being a hazardous occupation.

"(2) The commission further found in said order that the average daily wage of the claimant at the time of said accidental injury was $2.50 per day, and that he was paid the sum of $400 as a result of said accidental injury, by bringing suit against the third party in the district court in and for Oklahoma county, Okla.

"(3) That the payments of said judgment of $400 was payment of compensation for temporary total and temporary partial disability that the claimant had at the time of said settlement."

Petitioners urge that in the third finding, supra, the commission attempted to enter a nunc pro tunc finding and in so doing proceeded contrary to the rules announced by this court in Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Marker, Adm'r, v. Gillam, 80 Okla. 259, 196 P. 126; Jones v. Gallagher, 64 Okla. 41, 166 P. 204; Bristow v. Carrigar, 37 Okla. 736, 132 P. 1108; In re Petition of Breeding, 75 Okla. 169, 182 P. 899. Whether this objection is relevant depends upon the construction to be given to the order of March 6, 1933, that is, whether it constituted an award, which if not vacated became final or was merely an interlocutory order or such an award as might be reopened on a change of condition and under the continuing jurisdiction of the commission. It is the contention of petitioners that the aforesaid order did not have the force and effect of an award for the reason that it did not grant the respondent any compensation; petitioners urging in this connection that the money received by the respondent from the third party cannot be considered as compensation within the meaning and provisions of the Workmen's Compensation Act, and that therefore the commission could not reopen the cause since there was nothing to increase or decrease, and in support of this position we are cited to Olentine v. Calloway, 147 Okla. 137, 295 P. 608. Whether the rules announced in the above-cited case are applicable to the record now before us depends, as we have previously stated, upon the nature of the order of March 6, 1933. As we have pointed out upon numerous occasions, the jurisdiction of the Industrial Commission over its orders varies with the type of order made and the time and manner in which a review or additional award by the commission is sought. First, we may consider the order which is in the nature of a judgment, and which either makes or denies an award, in which type of orders the power of the commission to review is limited to 30 days, and which if not vacated on proper proceedings instituted in this court becomes final. As examples thereof may be cited Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 P. 570; State ex rel. v. Green, 147 Okla. 119, 294 P. 787; Olentine v. Calloway, supra, and Oklahoma Ry. Co. v. State Industrial Commission, 147 Okla. 129, 295 P. 216. We next find that the commission may make an order which is interlocutory in its nature, which neither makes nor denies an award so to speak, but merely takes into con-

sideration the immediate condition of the parties, makes a temporary provision, and leaves for further consideration the matter of making or denying an award for the alleged disability, and which does not require a showing of change of condition authorizing such award. As examples of this type of case may be cited the case of Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P. (2d) 945, and the cases therein cited. Lastly there may be considered that type of cases where an order of the commission has been made awarding compensation for disability presumably permanent, but which may change either for the better or the worse, and over which by statute the commission is given a continuing jurisdiction to reopen, either to diminish or increase the previous award, and which may be done upon application of any party in interest or by the commission on its own motion. As examples of this type of case may be cited Underwriters' Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015; Noel v. Kozak, 148 Okla. 210, 298 P. 298.

The record discloses that at the hearings before the commission held prior to the entry of the order of March 6, 1933, the proof was directed to the establishment of a continuing temporary total disability on the part of the respondent. It likewise appears from reading the order entered that the commission neglected to make any finding regarding the disability or lack of disability sustained by the respondent as a result of the accidental injury which the commission found he had incurred, and likewise to make or refuse to make an award granting or refusing compensation, but merely denying further compensation, thereby inferring at least that he had received some compensation. Apparently the commission, at the time, were either under the impression that the $400 which respondent had received was compensation for the disability which he had sustained to the date of said order, or else that the receipt of such sum by him from the third party precluded them from making an award at that time. In any event no award was made, but the matter was permitted to stand suspended. Therefore, the order so made falls in that type or class which we have described as interlocutory, and cannot properly be said to have been an award within the meaning of that term as defined in Olentine v. Calloway, supra, and discussed in Patterson Steel Co. v. Bailey, 148 Okla. 153, 298 P. 282. While we therefore agree with the contention of petitioners that the order of March 6, 1933, was not an award which might be reopened under change in condition, yet by the same token it was not an award which precluded the commission from proceeding to perform its mandatory duty. Under these circumstances the findings of the commission in connection with the present award as to the effect and meaning of the order of March 6, 1933, are surplusage, and whether they should be considered as a nunc pro tunc finding is immaterial.

Since the commission failed to make any award in connection with its order of March 6, 1933, but in effect merely held the matter in abeyance, the commission in making the order and award now before us was acting only in the exercise of its original jurisdiction to make or deny an award, and not upon its jurisdiction to reopen an award previously made, nor to review a previous award.

As said by Mr. Justice Welch, speaking for this court in Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. (2d) 185:

"It is contended, further, that if such action is not construed as the refiling of the claim, or the filing of a new claim, the claimant may not have the cause reopened by reason of the fact that he has failed to show a change of condition since the order of dismissal of November 3, 1927, and in this connection our attention has been called to Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, wherein we held as follows:

" 'When sections 7296, 7297 and 7325, C. O. S. 1921, are considered together, it must be held that it was the legislative intent that the commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decision.'

"See, also, Olentine v. Calloway, 147 Okla. 137, 295 P. 608, and the following case to the same general effect: Patterson Steel Co. v. Bailey, 148 Okla. 153, 298 P. 282. The cited cases are not applicable herein for the reason that they apply only to cases wherein the State Industrial Commission has entered an order or award which has become final, and which it is authorized under the law to make. We have examined section 13360, O. S. 1931, which deals with the power, authority, and the duties of the State Industrial Commission in the handling and disposing of claims filed with it under the Workmen's Compensation Law, and have reached the conclusion that the State Industrial Commission has no power and authority of law to dismiss a claim for want of prosecution. The last-quoted section provides in part as follows:

" "* * * The commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a c aim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the commission, together with the statement of its conclusion of fact and rulings of law. * * *'

"An examination of this particular section of the statute and the Workmen's Compensation Law as a whole, leads us to the conclusion that when a c.aim is filed with the State Industrial Commission, it has a clear and distinct statutory duty to perform. The law appears positive in its terms, as it provides that the commission shall make investigations and may order and conduct hearings, and shall make or deny an award determining such claim for compensation. We think the law clearly commands the State Industrial Commission to dispose of all claims after an investigation and upon the merits, and although the law gives the commission authority to conduct hearings and take evidence, we do not think it was ever intended that a claim be disposed of for want of prosecution. The filing of the claim itself is a sufficient prosecution of the same to require the commission to perform its duties under the law and pass upon the claim on its merits."

The order of March 6, 1933, is similar in many respects to that discussed in Gardner Pet. Co. v. Poe, 166 Okla. 169, 26 P. (2d) 743, wherein Mr. Justice McNeill, speaking for this court, said:

"Where the commission makes an order and award which in effect finds that temporary, total disability has ceased, and at the time of the hearing also found that there is no loss of vision as a result of a compensable injury; held, that the commission has no authority to enter a finding in said order and award whereby it attempts to adjudicate or thereafter preclude the injured employee from recovering any disability that thereafter might occur by reason of the injury."

The fact that the commission when it had the matter ·before it failed to perform its mandatory duty and sought to limit its further action in the matter avails nothing. Its jurisdiction remained and was properly exercised in making the award now under consideration. Neither does the fact that the commission gave the wrong reason for its award affect the validity of such award. The proceedings to reopen were unnecessary and must be treated as further hearings held by the commission in the exercise of its original jurisdiction. From what we have said, it is apparent that all discussion as to the sufficiency of the evidence to reopen the cause upon change of condition becomes irrelevant and immaterial. It suffices to say that the evidence before the commission was ample and sustained the findings of the commission as to respondent's disability, and that the same was attributable to his original injury. It therefore becomes our duty to sustain the award of the commission in its entirety.

Award sustained.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.