## PURE OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 27183. July 13, 1937.

Rehearing Denied Sept. 21, 1937.

Alvin Richards, for petitioner.

Charles Swindall, E. F. Lester, Mac Q. Williamson, Atty. Gen., and H. W. Reeves, Asst. Atty. Gen., for respondents.

RILEY, J. This is an original proceeding in this court brought by the Pure Oil Company, as petitioner, for a review of an award made by the State Industrial Commission in favor of respondent E. C. Smith.

The parties will be referred to herein as petitioner and respondents.

The facts are not in dispute. Respondent sustained an accidental injury on April 12, 1926, while in the employ of petitioner, and was paid compensation for the resulting temporary total disability. Payment thereof was evidenced by two agreements under Form No. 7, approved by the State Industrial Commission in orders of May 26, 1926, and July 16, 1926. Nothing further appears to have been done until May 25, 1934, at which time respondent filed with the commission a motion wherein he alleged a change

for the worse in his condition, in "that the condition of his right leg had grown steadily worse; that for and on account of the injury to his head, the claimant has suffered total loss of hearing, said condition having grown worse since the filing of the aforesaid forms: and that for and on account of said injuries the claimant has lost practically all of his teeth." Therein he prayed that his case be set for hearing, "to determine the matter of disability and liability."

The hearing was had at Okmulgee March 25, 1935. Respondent there introduced evidence tending to show permanent partial disability of about 15 per cent. loss of the use of the right leg. The evidence also tended to show a loss of hearing to the extent of about 85 per cent. in the right ear and 90 per cent. in the left ear, and that this condition was permanent.

On June 17, 1935, the commission entered an order, the pertinent part of which reads:

"From the above and foregoing facts: The commission is of the opinion it is without jurisdiction according to section 13367, O. S. 1931, as amended by Session Laws 1933, and that compensation should be denied.

"It is therefore ordered: That compensation be and it is hereby denied for the reason the commission is without jurisdiction of this cause."

No proceeding to review that order was prosecuted. On September 20, 1935, respondent filed with the commission an application or petition setting forth the accidental injury, the stipulations, receipts, etc., and alleging that the original payments were for "temporary total disability," and further alleging:

"* * * That he has never had his claim for permanent disability submitted to or determined by the said Industrial Commission, and that as a result of said accidental injury, he has at least 15% permanent total disability to his right leg and knee, and that he has at least 75% loss of hearing in each ear, and that said injury to his head resulted in the loss of more than half of his teeth and caused permanent disfigurement of his face, and a general weakening and total disability to enter the labor market and earn any wages whatever, and that he is now able to do a certain amount of light work part of the time, but on account of said accidental injuries, he is now and in the future will be completely and permanently deprived of his wage-earning capacity."

The request was for a determination of the permanent extent and nature of his injuries and for proper relief.

The petitioner challenged the jurisdiction of the commission upon the ground that the claim was barred under section 13367, O. S. 1931, as amended by section 4, ch. 29, S. L. 1933, and upon the further ground that the order of June 17, 1935, had become final. The challenge was overruled and a hearing was had. The commission entered an award for 26½ weeks' compensation for 15 per cent. permanent partial disability to claimant's right leg, and $500 for permanent loss of hearing. The award of $500 for loss of hearing was by a subsequent order increased to $1,000. It is this award petitioner seeks to have reviewed.

Respondent had filed a cross-petition, wherein he seeks to have the award for permanent loss of hearing reviewed, and that the award be increased in the sum of $3,000.

It is conceded that the evidence is sufficient to sustain the award if the commission had jurisdiction.

Petitioner first contends that the order of June 17, 1935, denying compensation was a final order, and since no proceedings to review that order were taken, the State Industrial Commission lost jurisdiction to make a further order or award. It is also contended that in any event respondent's claim for compensation is barred by the statute of limitations under section 4, ch. 29, S. L. 1933.

The respondent contends that the hearing upon which the order of June 17, 1935, was made did not involve the merits of his claim for compensation for permanent disability or permanent loss of hearing, and that the commission had full power and authority to make the award now under consideration in that said question had never been before presented to the commission.

We first consider whether under section 4, ch. 29, S. L. 1933, the claim for compensation for permanent partial disability was barred. Under the rule announced in New State Ice Company v. Sanford, 167 Okla. 435, 30 P. (2d) 708, it was not, for it was there held:

"Where a claimant receives an award for temporary total disability, which was paid and the case closed, and thereafter a period of more than 300 weeks elapsed and the cause was reopened and an award made for permanent partial disability, held, that the latter award was not barred by the stat-

ute of limitations provided in section 4, ch. 29, S. L. 1933."

And:

"The statute of limitations provided by paragraph 2, sec. 4, ch. 29, S. L. 1933, applies only to the reopening of a case where the application is properly based upon a change of condition."

In Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P. (2d) 945, it is held:

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability and the action before the commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition."

And:

"The provision of section 4, ch. 29, S. L. 1933, is applicable only to an award based on a change in condition. It is not applicable to an award for permanent partial disability where the only award theretofore made was for temporary total disability."

It is clear that respondent in his motion to reopen, upon which the order of June 17, 1935, was entered, based his claim entirely upon an alleged change of condition. After reciting the accidental injury, and the award or awards theretofore made for temporary total disability, it reads:

"The claimant did show that since the filing of the aforesaid forms 7, he has had a change of condition in this, to wit."

Then follow three specifications of alleged change of condition. Nothing whatever is said about permanent partial disability.

The application upon which the last award was made is clearly a claim for permanent partial disability after an award made for temporary total disability. Except for the intervening claim based upon alleged change of condition, this case comes squarely within the rule laid down in New State Ice Co. v. Sanford and Rock Island Co. v. Sammons, supra.

The State Industrial Commission may have been without jurisdiction to entertain the claim for award based upon change of condition, that is, to award additional compensation for temporary total disability, but it does not necessarily follow that it was without jurisdiction to entertain a later application for award for permanent partial disability.

In Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. (2d) 185, it is held:

"When a claim for compensation under the Workmen's Compensation Law is filed with the State Industrial Commission, it becomes the mandatory duty of such commission to make or deny an award determining such claim, and the same may be disposed of only upon some evidence or showing involving the merits thereof."

And:

"The State Industrial Commission has no power or authority of law to dismiss a claim for compensation for want of prosecution, and where the order clearly shows on its face that no investigation of the merits of the claim has been made, the same is void and not binding on the parties."

And:

"The State Industrial Commission has power and authority to hear and determine a claim for compensation on the merits thereof, notwithstanding the fact that such commission has previously dismissed the claim for want of prosecution, by an order clearly showing on its face that the merits of the claim have never been inquired into."

The Industrial Commission never having made a final order allowing or denying permanent partial disability, it had full power and authority of law to proceed to a hearing, investigation, and determination of the claim on its merits when the matter came before it upon a proper claim for permanent partial disability.

We now consider the cross-petition of respondents. The evidence is not sufficient to sustain a finding of total permanent loss of hearing. The evidence does tend to show a partial permanent loss of hearing. The commission had claimant before it and heard his oral examination as a witness. Under the whole record we are not willing to say that the award of $1,000 for loss of hearing was inadequate.

The award as made is affirmed.

OSBORN, C. J., and BUSBY, WELCH, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., absent.