## T. C. OTTINGER CO. et al. v. HALL et al.

No. 27893. Nov. 16, 1937.

Thos. H. Owen, H. R. Palmer, and Lynn J. Bullis, Jr., for petitioners.

Claud Briggs, John Morrison, and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court to obtain a review of an award made by the State Industrial Commission in favor of Alvie G. Hall, hereafter referred to as respondent, against T. O. Ottinger Company and its insurance carrier, hereafter referred to as petitioners.

The essential facts are not in dispute. It is admitted that respondent sustained an accidental personal injury on January 23, 1934, while in the employ of the petitioners and while engaged in a hazardous employment as defined by the Workmen's Compensation Law. It is further admitted that employee's first notice of injury and claim for compensation was filed with the State Industrial Commission March 23, 1934, and pursuant to hearings conducted thereon, that the commission, on July 18, 1934, made an award which was corrected by order of July 21, 1934, and wherein the respondent was found to have sustained a temporary total disability and awarded compensation therefor. On June 17, 1935, respondent applied to the commission for a determination of the extent of his permanent disability and for an award of compensation therefor.

The petitioners challenged the jurisdiction of the State Industrial Commission to entertain this application on the ground that the award which had been previously made on July 21, 1934, was res adjudicata. The objection was overruled, and at the conclusion of further hearings the commission, on April 8, 1937, entered an award wherein it found that the respondent had sustained a permanent partial disability as the result of his injury of January 23, 1934, whereby he suffered a decrease in wage-earning capacity and was entitled to compensation at the rate of $8 per week for a period not to exceed 300 weeks and awarded compensation accordingly. It is this award we are called upon to review.

The petitioners urge first that the award of July 21, 1934, was a final order which precluded the State Industrial Commission from thereafter making any further award except on the ground of a change in condition; and second, that there is no competent evidence to support the award on the ground of a change in condition.

We deem it necessary to discuss only the first contention. As heretofore pointed out in Board of County Commissioners of Oklahoma County v. State Industrial Commission, 177 Okla. 645, 61 P. (2d) 730, the jurisdiction of the State Industrial Commission over its orders varies with the type of order made and the time and manner in which a review or additional award by the commission is sought. Where an award for temporary disability only has been made, the commission retains jurisdiction thereafter to make an additional award for permanent disability if the facts warrant the same, and a showing of a change in condition is not required. As said in the case of Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P. (2d) 945:

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability and the action before the commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition."

Since the award of July 21, 1934, was only for temporary total disability, the commission retained jurisdiction to thereafter make an award for any permanent disability that might exist. The cases of Tulsa St. Ry. Co. v. State Industrial Commission, 105 Okla. 265, 232 P. 418; Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 P. 706; Lawton Oil & Ref. Co. v. Nichols, 160 Okla. 176, 16 P. (2d) 585; Texas Co. v. Atkinson, 178 Okla. 480, 62 P. (2d) 1204, cited and relied upon by petitioners, have reference to final orders as discussed in Board of County Commissioners v. State Industrial Commission, supra, and have no application to those situations where the only previous award made by the

commission has been made for temporary total disability.

It is apparent from what has been said that all discussion with respect to the sufficiency of the evidence to support the award upon the ground of a change in condition is irrelevant and immaterial. No error of law is shown, and the contentions of petitioners are without merit.

Award sustained.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.