## NATIONAL TANK CO. et al. v. McGAHA et al.

### No. 28432.   Dec. 13, 1938.

Jarman, Brown, Looney & Watts and Edgar Fenton, for petitioners.

S. J. Clay, for respondent McGaha.

John H. Poe, Asst. Atty. Gen., for respondent State Industrial Commission. .

CORN, J.   This is an original proceeding in this court brought by the National Tank Company and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of Clay McGaha, hereinafter referred to as respondent.

The respondent sustained an accidental

personal injury while in the employ of the petitioner National Tank Company, and while engaged in a business defined as hazardous by the Workmen's Compensation Act. Petitioners furnished medical attention and paid compensation for the period of resulting temporary total disability. The award which we are now called upon to review was made under the "other cases" provision of section 13356, O. S. 1931, as a result of hearings held by the Industrial Commission to determine the nature and extent of respondent's permanent disability. As a basis for the award the State Industrial Commission found, among other things, that respondent had sustained a permanent partial disability as a result of his accidental injury and that thereby his wage-earning capacity had been decreased $5 per day. Upon such finding, compensation at the rate of $18 per week for a period not to exceed 300 weeks was awarded, subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest.

The petitioner contends: That the commission's findings contained in said order and award that respondent sustained a decrease in earning capacity as a result of said accidental injury is not supported by any competent evidence.

It was established by the weight of the evidence that the resulting disability was 50 per cent. to his back and 25 to 30 per cent. to his left leg.

This court has held that in order to ascertain and determine the loss of earning capacity, it is not sufficient to establish the degree of disability alone, but that proof of the degree of disability is a circumstance which is proper for the commission to consider with other evidence, facts, and circumstances in determining the loss of earning capacity. Moore v. State Industrial Commission, 170 Okla. 9, 38 P.2d 577, and cases cited therein.

An examination of the record discloses that the proof in this case does not stop at evidence as to the degree of disability suffered by the respondent as a result of the accidental injury, but the record contains considerable testimony showing his incapacity to earn wages. The respondent had not held any kind of employment since sustaining said injuries, and therefore it was not possible to ascertain his wage-earning capacity upon the basis of what he had earned since his temporary total disability had ceased. We think it is well established by the evidence that respondent was unable to do any kind of work requiring stooping or lifting, and it sufficiently appears from the record that he was not qualified to do anything but manual labor. He had tried to make garden and do other light work at his home, but was unable to do such work with any degree of success. He testified that he might be able to take a light job such as that of night watchman if he could find such employment. Upon this testimony the commission found that his wage-earning capacity had decreased from $6 to $1 per day.

The earning capacity of petitioner was a question of fact for the determination of the commission upon a consideration of all the evidence, facts, and circumstances in the case. Moore v. State Industrial Commission, supra.

There was competent evidence supporting the award. The award is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY and DAVISON, JJ., concur.