## NATIONAL ZINC CO. et al. v. VANDGRIFFT et al.

No. 29143.   Oct. 17, 1939.

W. R. Withington, of Oklahoma City, for petitioners.

Allan R. Shaw and Richard K. Harris, both of Bartlesville, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought by National Zinc Company, employer, and Hartford Accident & Indemnity Company, insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission to T. F. Vandgrifft, hereinafter referred to as respondent.

On February 5, 1937, there was first filed with the State Industrial Commission an attending physician's report in which it is stated that on February 1, 1937, respondent sustained an accidental injury when he inhaled chlorine gas fumes, causing an irritation of the throat and lungs. On the same date there was filed employer's first notice of injury. The employer gave the same date of the injury, listed the disability as temporary total, and named the attending physician who filed the above report as S. G. Weber and listed him as having treated the respondent and rendered medical attention in behalf of said employer.

Nothing further was filed with the State Industrial Commission until October 19, 1937, when respondent filed his first notice of injury and claim for compensation. The nature and extent of the injury is not described therein with relation to the fact as to whether it is permanent or total, but it is stated that it affected the lungs with a cough. On October 25, 1937, the petitioners jointly filed an answer denying any accidental injury and also alleging failure to give notice by the respondent. Although several notices of hearings were given, nothing further was done until the 24th day of May, 1938, when a hearing was held at Bartlesville, Okla., at which time it is stated in the record the matter came on to determine liability and extent of disability. At this time respondent was on the pay roll of petitioner National Zinc Company and being paid full wages. The hearing was adjourned to Oklahoma City, and on July 22, 1938, hearing was resumed, following which, on August 31, 1938, the State Industrial Commission entered an order, the pertinent parts of which follow:

"(1) That on the 1st day of February, 1937, the claimant was in the employ of the respondent and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, to wit: Lungs affected while connecting tank of chlorine gas.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $3.85 per day, fixing his rate of compensation at $14.81 per week.

"(3) That as a result of said accidental personal injury, the claimant lost no time beyond the five-day waiting period.

"It it therefore ordered: That compensation in this cause be, and the same is hereby denied, and that respondent or insurance carrier pay such medical expense incurred by claimant as a result of said accident, as provided under the Workmen's Compensation Law, and that this cause be closed, for the reason that no time was lost beyond the five-day waiting period."

On September 20, 1938, respondent filed a motion to modify the order of August 31, 1938, for the reason that the average daily wage was not correctly computed, and offered therein to show further that the respondent was no longer employed by the petitioner National Zinc Company, and therein stated that respondent was discharged on July 1, 1938, after having furnished his employer with a certificate of disability prepared by his physician, C. D. Moore. Respondent also asked in his motion that the cause be set on the Bartlesville docket

for the purpose of determining permanent disability. The motion to modify the order of August 31, 1938, as to the finding of the State Industrial Commission on the question of average daily wage was denied as shown by an order on file dated September 30, 1938.

Thereafter hearings were conducted on December 19, 1938, January 17, 1939, and February 20, 1939, following which, on March 1, 1939, the State Industrial Commission entered its award finding that the respondent is totally and permanently disabled as a result of the accidental injury of February 1, 1937. It is this latter award which the petitioners seek to have reviewed and vacated.

But two propositions are presented in the four assignments of error. The first contention is that the order entered on August 31, 1938, was a final adjudication of all disability and that the State Industrial Commission was without authority thereafter to enter an award for permanent disability except upon a change of condition.

Under its continuing jurisdiction the State Industrial Commission may determine the extent, if any, of the claimant's permanent disability where no award has been made or refused for permanent disability. Rock Island Improvement Co. v. Sammons. 167 Okla. 398, 29 P.2d 945; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P.2d 424; Sheldon Oil Co. v. Thompson, 176 Okla. 511, 56 P.2d 1171; Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P.2d 779; Magnolia Pet. Co. v. Phillips, 169 Okla. 1, 35 P.2d 448; Board of County Commissioners v. State Industrial Commission, 177 Okla. 645, 61 P.2d 730; Orth Kleifeker & Wallace v. Scott, 173 Okla. 448, 49 P.2d 112.

In Pure Oil Co. v. State Industrial Commission, supra, we said:

"The Industrial Commission never having made a final order allowing or denying permanent partial disability, it had full power and authority of law to proceed to a hearing, investigation, and determination of the claim on its merits when the matter came before it upon a proper claim for permanent partial disability."

In Orth Kleifeker & Wallace v. Scott, supra, we announced the rule that:

"In determining whether or not an order of the State Industrial Commission is a final order, the language of the order will be considered in making such determination."

In discussing a similar situation in Board of County Commissioners of Oklahoma County v. State Industrial Commission, supra, we said:

"We next find that the commission may make an order which is interlocutory in its nature which neither makes nor denies an award so to speak, but merely takes into consideration the immediate condition of the parties, makes a temporary provision and leaves for further consideration the matter of making or denying an award for the alleged disability and which does not require a showing of change of condition authorizing such award. As examples of this type of case may be cited the case of Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P.2d 945, and the cases therein cited."

We are convinced that the order of August 31, 1938, did not determine the nature and extent of the permanent disability and that the State Industrial Commission thereafter had authority to consider and determine the nature and extent of the permanent disability.

Finally it is contended that there is no competent evidence to sustain the finding that as a result of the accidental injury of February 1, 1937, respondent is permanently and totally disabled. The cause of the disability and the nature and extent thereof are questions of fact for the determination of the State Industrial Commission, and where there is competent evidence to support the finding and the award based thereon, the same will not be disturbed by this court. Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P.2d 450; Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P.2d 897; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579; Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P.2d 560; Texas Company v. Foreman, 169 Okla. 198, 35 P.2d 959; National Tank Co. v. McGaha, 184 Okla. 139, 85 P.2d 399; Burch v. Slick, 167 Okla. 639, 31 P.2d 110; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847. The testimony was in direct conflict as to the nature of the disability resulting from the accidental injury. Several of the foregoing cases hold that the court will not review conflicting evidence to determine the weight and value thereof. The record discloses that respondent was working on a tank of chlorine gas. The valve broke open and the gas began to escape and was thrown into his face. He left the tank momentarily, and returned to fix the valve, when he was again attacked by the gas fumes. He was treated by the company physician, as disclosed by the attending

physician's report filed before the State Industrial Commission, and Dr. C. B. Moore, prior to July 1, 1937, furnished the superintendent of the employer, National Zinc Company, with a certificate of disability, and on or about that date the superintendent testified that the respondent was discharged. Dr. Moore testified that in his opinion the respondent was totally and permanently disabled, as a result of the injury. Dr. Crawford gave like testimony. We find competent evidence in the record to support the finding that the respondent is totally and permanently disabled as a result of the accidental injury.

Award sustained.

WELCH, V. C. J., and OSBORN, CORN, HURST, and DAVISON, JJ., concur.