COMMERCE MINING & ROYALTY CO. v. FIELDS et al.

*99 P. 2d 124.*

No. 29330.   Feb. 13, 1940.

Ray McNaughton, of Miami, for petitioner.

Smith & Walker, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Commerce Mining & Royalty Company, petitioner, seeking a review of an award for permanent partial disability made by the State Industrial Commission to the respondent E. A. Fields for the minimum of $8 per week under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. Stat. Ann. § 22.

The respondent sustained an accidental injury arising out of and in the course of employment, for which temporary disability was paid, whereupon petitioner filed an application to discontinue payment for temporary disability. At the conclusion of hearings conducted on this application, the State Industrial Commission entered an award for further temporary disability on April 5, 1939, and no proceeding was perfected to review this order. Thereafter, on May 2, 1939, the respondent filed a motion to determine the disability. At the conclusion of this proceeding the State Industrial Commission, under date of June 17, 1939, entered the present award for permanent partial disability. There is no dispute as to the cause and extent of the disability. The petitioner presents but one question. It is contended that by its order of April 5, 1939, the State Industrial Commission then and there determined that there was no permanent disability; that this award became final, and that thereafter the State Industrial Commission was without authority to consider a motion to reopen and enter a further award for permanent disability.

We cannot agree with this contention. The State Industrial Commission was authorized to make an award for temporary disability and leave for later consideration the question of permanent disability. Gardner Petroleum Co. v. Poe, 166 Okla. 169, 26 P. 2d 743. Under its continuing jurisdiction the State Industrial Commission is authorized to enter an award for permanent disability at any time after the claim has been filed or jurisdiction obtained in said proceedings, where no former award has been entered or denied for permanent disability. Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779; Board of County Com'rs v. State Industrial Commission, 177 Okla. 645, 61 P. 2d 730; Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P. 2d 945. To the same effect see Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77

P. 2d 21; Ottinger Co. v. Hall, 181 Okla. 284, 73 P. 2d 463; Sheldon Oil Co. v. Thompson, 176 Okla. 511, 56 P. 2d 1171; Magnolia Pet. Co. v. Phillips, 169 Okla. 1, 35 P. 2d 448.

In Gardner Oil Co. v. Poe, supra, it was contended, as it is contended here, that a prior order became final and precluded the claimant from reopening the case. It was held that the commission could not adjudicate or determine in advance that there would not thereafter result permanent partial, or permanent total disability.

The award of April 5, 1939, in the case at bar was for temporary disability only, and there is nothing therein to indicate that it denied an award for permanent disability. Under the foregoing authorities, the State Industrial Commission had jurisdiction to consider and determine any permanent disability the respondent had.

The award of the State Industrial Commission is sustained.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.