## OLENTINE et al. v. CALLOWAY et al.

No. 21413. Opinion Filed Jan. 27, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

J. Berry King. Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission entered May 6, 1930, in favor of Ed. Calloway, claimant herein, and against W. O. Olentine and the United States Fidelity & Guaranty Company, a corporation, insurance carrier.

The facts in the case are, briefly, these:

The petitioner, W. O. Olentine, was engaged by the State Highway Department to cut a right of way. Claimant, while in the employ of the petitioner, W. O. Olentine, was engaged in cutting down a tree, and while so engaged a saw slipped and was thrown in such a manner as to strike claimant's knee, cutting in under the kneecap to the bone. The claimant filed a claim with the State Industrial Commission, setting up the aforesaid injury, and asking for compensation therefor. On November 17, 1928, a hearing was had before the Commission at Sallisaw, Okla., and based on the evidence taken at such hearing, the Industrial Commission, on November 17, 1928, made and entered its order denying the claimant compensation for the reason claimant failed to show by competent testimony that any disability resulted from the injury arising out of and in the course of his employment with W. O. Olentine. Thereafter, the claimant filed a petition for rehearing, which was by the Commission denied, December 17, 1928. No appeal was taken from either of these orders.

Thereafter, and on April 22, 1930, more than a year after the order of November 17, 1928, denying claimant compensation, claimant filed a motion to reopen the case. On April 23, 1930, the Commission reopened the case, evidence was taken, and on May 6, 1930, the Commission entered its order and award, wherein the Commission found that claimant was entitled to eight weeks' compensation for temporary total disability and 35 weeks' permanent partial disability, computed from the 15th of August, 1927, the date of the injury, less the five-day waiting period, and ordered the petitioner or his insurance carrier to pay claimant compensation for the above-named period.

To review such order and award petitioners appeal to this court.

Under the view that we take in this case, it is necessary to consider only the first proposition raised by the petitioners, namely:

"The Commission had no jurisdiction to reopen the case and award compensation because the order of November 17, 1928, was final and conclusive."

In support of the above proposition, petitioners say:

"That the order of this Commission dated May 6, 1930, is invalid, erroneous and illegal, for the reason that this Commission was without jurisdiction to hear this cause or take any proceedings looking to a hearing or further determination of this cause subsequent to an order of this Commission dated November 17, 1928, by which the relative rights of the parties were determined in this cause. Your movants show to the Commission that claimant did not prosecute an appeal from the order of the Industrial Commission dated November 17, 1928, and said order became final and binding upon all parties. Your movants further show to the Commission that, upon the 17th day of December, 1928, the State Industrial Commission made and entered its order overruling and denying a petition for rehearing filed and presented by claimant, and that no appeal was prosecuted to the Supreme Court by claimant from said order, and said order became final and is binding upon the claimant and all parties to this cause, and upon this Industrial Commission."

At the conclusion of the first hearing, the Commission, in rendering its judgment, said:

"Having reviewed the testimony taken at said hearing, examined all the records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission is of the opinion that claimant has failed to show by competent testimony that any disability resulted from an alleged injury sustained on August 17, 1927, arising out of and in the course of his employment with W. O. Olentine."

That section of our statutes under which the Commission sought to reopen the case at bar and award compensation is section 7296, C. O. S. 1921, which provides:

"Sec. 7296. Review of Awards. Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award, and, on such review, may make an award **ending, diminishing or increasing the compensation previously awarded.** * * *" (Emphasis ours.)

We are of the opinion, and the authorities so hold, that the word "award," as used in legal parlance, is synonymous with the words "decision," "determination," and "judgment." Bouvier's Law Dictionary, vol. 1; Black, Legal Dictionary; Webster, New International Dictionary; Frankfort Gen. Ins. Co. v. Conduitt, 74 Ind. App. 584, 127 N. E. 212; Davis v. Aetna Life Ins. Co. (Ga. App.) 151 S. E. 812.

Paraphrasing the language of section 7296, the direction of the Legislature is simply this: The Industrial Commission, upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, may at any time review any judgment (decision or determination), and, on such review, may render a judgment (decision or determination) ending, diminishing, or increasing the **compensation previously awarded.**

What jurisdiction and power is vested in the Industrial Commission under section 7296, supra? The jurisdiction and power (on the ground of change of condition) to end, diminish, or increase—what? "Compensation **previously** awarded."

"Compensation," as defined by our Legislature in section 7284, C. O. S. 1921 (Workmen's Compensation Law), means: "The money allowance payable to an employee as provided for in this act."

The record herein shows beyond doubt that at the first hearing the Commission did not allow the claimant any compensation; no "money allowance" was granted to him, and the award was a final decision or judgment against claimant, from which he failed to appeal, as provided by law.

The Commission had no jurisdiction whatever to modify or change any previous award (decision, determination, or judgment) in this case; the necessary condition precedent—that there has previously been compensation granted claimant which may

be ended, diminished, or increased—is lacking.

The jurisdiction and power of the State Industrial Commission under section 7296, supra, to review awards on the ground of a change in condition is limited. It is only authorized to end, diminish, or increase the compensation previously awarded. The word "award," as used in section 7296, supra, authorizing the State Industrial Commission, upon its own motion or upon the application of any party in interest, on the ground of a change in condition, to at any time review any award, and on such review to make an award ending, diminishing, or increasing the compensation previously awarded, means the decision, determination, or judgment for money, hospitalization, crutches, or other compensation in favor of an employee, provided for in the Workmen's Compensation Act.

The jurisdiction depends upon a prerequisite showing that at some previous date the Commission has held a hearing and found that the claimant while engaged in a hazardous occupation included in the terms and provisions of the Workmen's Compensation Act, and arising out of and while in the course of such employment, received an accidental personal injury, and awarded claimant compensation against his employer and in favor of claimant, or for his benefit, such as medical, surgical, or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus designated in section 7288, C. O. S. 1921.

In order for the compensation to be ended, diminished, or increased there must have been compensation awarded in the first instance. That which never existed cannot be ended, diminished, or increased. There is no compensation to end, diminish, or increase where no compensation was awarded.

This is in harmony with the rule announced by this court in Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 Pac. 570; and does not conflict with United States Fidelity & Guaranty Co. v. Industrial Commission, 115 Okla. 273, 244 Pac. 432.

In the last-mentioned case, the Commission ordered the respondent or the insurance carrier to pay all medical expenses incurred by the claimant as a result of said accident. Commissioner Jones, in the opinion approved by this court, says:

"The Commission on this hearing found that the claimant was injured while in the employ of the respondent and in the course of his employment, but further found that he had 'lost no time' by reason of the injury, and made an award requiring the respondent or insurance carrier to pay all medical expenses."

So it will be seen that the State Industrial Commission had made an award for medical care, and an award having been made, it might be increased, on the ground of a change in condition, but in Ward v. Beatrice Creamery Co., supra, no award having been made, there was nothing to end, diminish, or increase.

In the case at bar, there having been no compensation previously granted that the Commission might "end, diminish, or increase," and this being the only action that the Commission is authorized to take under section 7296, supra, and the claimant having failed to perfect his appeal within 30 days from the order of the Commission denying him compensation at the first hearing, such order became final and conclusive, not only upon the Industrial Commission, but also upon this court on appeal.

The previous decisions by this court and the above analysis of section 7296, supra, disclose that three factors must appear, in the inception, before the Commission is authorized to reopen a case under section 7296, supra, namely:

(1) It must appear that the Commission has "previously awarded the claimant compensation." This is a necessary condition precedent.

(2) That in fact there has been a change of condition.

(3) That the change of condition was due to the original injury.

A failure to establish the first essential factor necessarily defeats the right of the Commission to inquire into the other two. In other words, the failure to establish the first factor defeats the jurisdiction of the Commission to proceed further under section 7296, supra.

In the case at bar, the Commission refused to grant claimant any compensation at the original hearing, for the reason no disability was shown. This fact stands uncontradicted. The order of the Commission at the first hearing reads as follows:

"Having reviewed the testimony taken at said hearing, examined all the records on file in said cause and being otherwise well and sufficiently advised in the premises, the Commission is of the opinion that claimant has failed to show by competent testimony that any disability resulted from an alleged injury sustained on August 17, 1927,

arising out of and in the course of his employment with W. O. Olentine."

When the Commission found and held there was no compensable injury sustained by the claimant resulting from his employment, we think it was a final and conclusive adjudication of his claim, in so far as the Commission was concerned.

Section 7297, C. O. S. 1921, provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision."

This court, in the case Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 Pac. 570, said:

"It will be observed that the decision of the Commission on the first hearing was made on the 15th day of June, 1923, after a full hearing; that no appeal was ever taken from this order and no petition filed in this court or action commenced in this court to review said decision by the plaintiff in error; that this action for review is from the final decision of the Commission of May 5, 1925. We are of the opinion that this appeal or action to review the decision of the State Industrial Commission comes too late. If the plaintiff in error desired to have this court review the decision of the State Industral Commission, he should have commenced his action within 30 days after June 15, 1923, when the State Industrial Commission rendered its decision denying him the right to an award of compensation. * * *",

The Commission having found and held against the claimant "that no compensable injury had been sustained," what further rights had the claimant?

We answer: He has a right of appeal or review before the Supreme Court as provided by law (section 7297, supra). If he failed to avail himself of the right of review, then and under these circumstances the judgment of the Commission became final and the Commission had no jurisdiction to reopen the case.

Quoting again from Ward v. Beatrice Creamery Co., supra, the court said:

"In the language of section 7297, quoted above, the court said, 'the award, or decision shall be final and conclusive.' We are, therefore, compelled to find that the failure of plaintiff in error to comply with section

7297 within 30 days from June 15, 1923, to file his action in this court by filing with the clerk of the Supreme Court a certified copy of the award, or decision, of the State Industrial Commission, attached to his petition, is a bar to any further action by the Commission or this court upon his claim for compensation under the Workmen's Compensation Law of this state."

In the instant case the alleged accident occurred August 15, 1927. Claimant filed his complaint November 14, 1928. The first hearing was had November 17, 1928. The Commission found and held:

"No disability resulted from the alleged injury on August 15, 1927."

After a full hearing on November 17, 1928, no appeal was taken from the order denying compensation; no petition filed or action commenced in this court to review said decision by claimant until May 6, 1930, on which date, one year and 5 months after the first hearing was had, the Commission made the order complained of.

We are of the opinion and hold that the appeal or action to review the decision of the Industrial Commission made November 17, 1928, comes too late, and the claimant having failed to appeal or have this court review the decision of the Commission within 30 days as provided by section 7297, from the date of said order, the Commission was without jurisdiction to make the order of May 6, 1930, and that said order is null and void.

The Commission having denied compensation to claimant, and the court having held (supra) "the Commission was without jurisdiction to make the order of May 6, 1930," it becomes unnecessary to consider the second essential fact, namely, "that, in fact, there had been a change in condition;" and, third, "that the change of condition was due to the original injury."

The judgment and order of the Industrial Commission is reversed, and the cause remanded, with directions to the Industrial Commission to vacate and set aside its order and award of May 6, 1930, and to sustain the objections of petitioners to the jurisdiction of the Commission to reopen this cause, and to enter judgment in accordance with the views herein expressed.

RILEY, ANDREWS, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., concurs in conclusion. CLARK, V. C. J., and HEFNER, J., dissent. LANGLEY, J., absent.