NATIONAL ZINC COMPANY and Hartford Accident and Indemnity Company, Petitioners,

v.

Willard Wallace WILSON (deceased), Lois G. Wilson, James Arthur Wilson, Robert Allen Wilson and the State Industrial Court, Respondents.

No. 39987.

Supreme Court of Oklahoma.
March 5, 1963.
Rehearing Denied April 30, 1963.

Covington & Gibbon, by A. M. Covington, Tulsa, for petitioners.

Howard C. Triggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

In this case the employee, Willard Wallace Wilson, filed a claim for compensation for disability due to occupational disease and later died from other causes before an award was entered by the State Industrial Court. Thereafter the claim was revived in the names of his dependents and an award was made in their favor. Petitioners, the employer and insurance carrier, bring this proceeding to review the award.

The method of revivor, the dependents named, and the sufficiency of the evidence to support the award are not presented as issues in this case, and the petitioners argue only two questions of law.

The first one is that the State Industrial Court was without authority to revive the claim and enter an award for the dependents.

In Special Indemnity Fund v. Williams, Okl., 283 P.2d 196, this court held:

"Under 85 O.S.1951, § 41, which provides an award for disability may be made after the death of the injured employee where death results from causes other than the injury, the State Industrial Commission has the power to revive a proceeding brought by an employee to recover compensation under Workmen's Compensation Law where the employee dies from causes other than the injury after filing his complaint and before the entry of an award."

Petitioners recognize this rule, but argue under this proposition that the last paragraph of 85 O.S.1961 § 41, was amended by implication by 85 O.S.1961 § 48, as amended in 1951, and that for that reason the State Industrial Court was without jurisdiction to revive the claim and enter an award for the dependents in this case.

The last paragraph of Sec. 41, is as follows:

"An award for disability may be made after the death of the injured employee, when death results from causes other than the injury."

The 1951 amendment of Sec. 48 added to that section the language emphasized in the following quotation:

"* * * provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, *due to a cause other than the injury for which he has been awarded compensation,* be payable to and for the benefit of the persons following: * * *." (Emphasis supplied.)

Petitioners find in the above quoted amendment an affirmative requirement that unless an award is made before the death of the employee from other causes, the dependents are not entitled to a revivor, and disability payments.

Such is not the case. By its plain terms, the quoted portion of Sec. 48 deals only with a situation where an award *has been made* before the death of the employee and death results from other casues. It directs that in such case, a claim for all payments of a final award which have not been paid

may be revived in favor of the person or persons designated in the statute.

The quoted amendment does *not* deal with a situation where, as here, a claim had been filed but no final award made, at the time of the death of the employee from other causes. That situation is still covered by the last paragraph of Sec. 41, supra, which plainly authorizes the entry of the award in this case.

It is true, as petitioners point out, that we said in Kerr's, Inc. v. Smith, Okl., 359 P.2d 330, that Sec. 48 had the effect of amending Sec. 41 by implication. However, we did not say in Kerr's, Inc. v. Smith that Sec. 48 had the effect of amending the *last paragraph* of Sec. 41. A careful reading of that case discloses that the reference was to an entirely different portion of Sec. 41—a portion of the last sentence of the *first* paragraph. In that case, the award was made before the death of the employee, and no question as to the right of the State Industrial Court to enter an award for disability after the death of the employee was presented.

The first proposition is therefore without merit.

The second proposition is that the revivor provisions of our Workmen's Compensation Law (85 O.S.1961 §§ 41 and 48) are not applicable to occupational disease claims. The line of argument is that when the Occupational Disease Act was enacted by the Legislature in 1953, Secs. 41 and 48 were not amended, and therefore do not apply to occupational disease claims.

No authority is cited in support of this argument and it cannot be sustained. When the occupational disease provisions of our Workmen's Compensation Law were enacted (Session Laws of 1953, page 427), the definition of "injury or personal injury", contained in 85 O.S.1961 § 3(7), was amended so as to include occupational disease. Since both sections 41 and 48 concern the revivor of claims and awards where the death of the employee is due to causes "other than the *injury*", it was un-

necessary to amend these sections, because the term "injury" now by definition includes occupational disease.

The award is sustained.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.