SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Duard C. WILLOUGHBY, Administrator of the Estate of E. L. Morrison, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40548.

Supreme Court of Oklahoma.

July 20, 1965.

As Amended Aug. 10, 1965.

Rehearing Denied Oct. 26, 1965.

Mont R. Powell, Fred Nicholas, Jr., Oklahoma City, for petitioner.

Duard C. Willoughby, Ada, Charles R. Nesbitt, Atty. Gen., for respondents.

IRWIN, Justice:

On June 25, 1959, the State Industrial Court granted an award to E. L. Morrison against the Special Indemnity Fund for $11,550.00. On November 10, 1960, E. L. Morrison died of causes other than the injury for which compensation had been awarded, and on that date $6,536.25 of the award remained unpaid.

On December 29, 1960, the administrator of the estate of E. L. Morrison, deceased, filed a "Motion For Revivor" and moved the State Industrial Court to enter an order

reviving said award in the sum of $6,536.25, "for the use and benefit of the heirs at law" of the deceased employee.

The record reveals that Jimmy Morrison and Betty Jean Turner are the only heirs at law of deceased. They are the son and daughter of the deceased; both are adults, able-bodied, self supporting and were not dependent upon decedent at the time of his death.

In the order forming the basis for this original proceeding, entered February 25, 1963, the trial judge found that since the deceased left no dependent heirs at law the action should be revived in the name of the administrator. The award was revived in the name of the administrator and the same was affirmed on appeal to the State Industrial Court en banc.

Special Indemnity Fund, referred to as Fund, brought this original proceeding for review of the order reviving the award in favor of the administrator.

## CONTENTIONS

Fund contends that the State Industrial Court erred as a matter of law in reviving the award in the name of the administrator, because an administrator is not a named beneficiary under the terms of Title 85 O.S. 1961, § 48; and since the heirs at law of decedent do not meet the requirements specified in Sec. 48, supra, the award could not be revived and the same abated upon decedent's death.

The administrator contends that this is one of the type of cases that does not abate upon the death of a deceased employee, who dies from causes other than the injury for which he was awarded compensation, but may be revived in the name of the heirs as provided by law and the revived award becomes an asset of decedent's estate. To sustain this contention, the administrator states that Title 85 O.S. 1961, § 41, is controlling and cites Schmidt v. Moncrief, 194 Okl. 377, 151 P.2d 920; Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584; and Special Indemnity Fund v. Williams,

Okl., 283 P.2d 196, as authorities to support his position.

## CONCLUSIONS

█ The rule of law announced in Special Indemnity Fund v. Harold, Okl., 398 P.2d 827, would not authorize the revivor of the award in the instant action for the benefit of decedent's surviving children, Jimmy Morrison and Betty Jean Turner. Therefore, if the order of revivor in favor of the administrator is sustained and the benefits thereof inure to them, such benefits would be by virtue of inheritance and not under the terms of the Workmen's Compensation Act.

In Swatek Const. Co. v. Williams, 177 Okl. 305, 58 P.2d 585, we held:

"Prior to the enactment of chapter 29, Session Laws 1933, an award under the Workmen's Compensation Act, whether for specific injury or other cause was personal to the beneficiary and abated at his death."

In so far as pertinent to the issue herein presented, Sec. 2 of the above enactment has not been materially amended and is now Title 85 O.S.1961, § 41. Said section, inter alia, provides that when an award has become final " * * * payment thereof may be enforced by the claimant, or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in Section 1, Chapter 29, Session Laws of 1933", and " * * * in case of death of claimant at any time before satisfaction or payment of the total award made, the same shall not abate, but shall be revived in favor of the person or persons determined by the Commission to be entitled thereto."

Section 1 of the 1933 enactment above referred to contained this language:

" * * * provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant be payable to and for the benefit of the persons following:

"(a) If there be a surviving wife (or dependent husband) and no child of the

·deceased under the age of eighteen (18) years, to such wife (or dependent husband).

"(b) If there be a surviving child or children of the deceased under the age of eighteen (18) years, or dependent blind or crippled child or children of any age, but no surviving wife (or dependent husband) then for the support of each such child, share and share alike until the full payment of the award.

"(c) If there be a surviving wife (or dependent husband) a surviving child or children of the deceased under the age of eighteen (18) years, or a dependent blind or crippled child or children of any age, one half shall be payable to the surviving wife (or dependent husband) and the other half to the surviving child or children.

"(d) If there be no surviving wife (or dependent husband) or child under the age of eighteen (18) or dependent blind or crippled child of any age, then to the parents share and share alike and if no parents, then to the brothers and sisters, share and share alike."

The above section became Sec. 48 of Title 85. Although subsections (a), (b), (c) and (d) have not been amended since the original enactment in 1933, the Legislature did amend said section in 1951 by adding this phrase: "due to a cause other than the injury for which he has been awarded compensation". (See Chapter 2, page 269, Session Laws of 1951).

In Kerr's Inc. v. Smith, Okl., 359 P.2d 330, we considered Sec. 41 and Sec. 48, as amended, in connection with the Death Benefits Act passed by the 1951 Legislature. In that case we said:

"Section 41 was enacted prior to the constitutional amendment adopted at a special election July 4, 1950, amending Art. 23, Sec. 7, of the Constitution, and passage of the Death Benefits Act by the 1951 Legislature. In the 1951 enactment of the Death Benefits Act, the legislature amended Section 48, which relates to whom compensation shall be paid in case of death of claimant. In amending Section 48, in 1951, this phrase was added, 'due to a cause other than the injury for which he has been awarded compensation.' The section now reads,

'* * * Compensation and benefits shall be paid only to employees; provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, *due to a cause other than the injury for which he has been awarded compensation*, be payable to and for the benefit of the persons following: * * *.'

"Since under Section 41, in case of death of a claimant, irrespective of the cause, before satisfaction or payment of the total award made, the same does not abate and may be revived; and, under Section 48, if claimant dies due to a cause other than the injury for which he has received an award, such award is payable to and for the benefit of persons prescribed by statute; we can only conclude that Section 48, which was enacted after Section 41, amended by implication Section 41. * * *."

We further said that:

"* * * we construe the present law to be: (a) Claims for payments of a final award which have accrued may be revived for the benefit of the person or persons entitled thereto, irrespective of the cause of death of employee in whose favor the original award was made; (b) If an employee dies, due to a cause other than the injury for which he has been awarded compensation, a claim for all payments of a final award which have not been paid, may be revived in favor of the person or persons entitled thereto; (c) If an employee dies, due to the cause for which he has been awarded compensation, a claim for accrued payments may be revived in favor of the person or per-

sons entitled thereto, and unaccrued payments abate upon his death."

 Stated in another way, we find that, (a) Sec. 41, supra, authorizes a revivor for the accrued payments of a final award, irrespective of the cause of death of employee in whose favor the original award was made, and those entitled to the revivor are enumerated in Sec. 48, supra; (b) Sec. 41 does not authorize a revivor for the unaccrued payments of a final award, but Sec. 48 does authorize such revivor in case of death of claimant due to a cause other than the injury for which claimant had been awarded compensation.

In the instant action we are concerned only with a revivor for the unaccrued payments of a final award in case of death of an employee due to a cause other than the injury for which he had been awarded compensation. Therefore, Sec. 41, has no application in the instant proceeding. We will now consider the cases relied upon by the administrator to sustain his contentions.

The case of Schmidt v. Moncrief, 194 Okl. 377, 151 P.2d 920, promulgated in 1944, was decided prior to the 1950 Constitutional Amendment, the Death Benefits Act of 1951, and the amendment of Sec. 48 in 1951, all considered and discussed in Kerr's Inc. v. Smith, supra. Our primary determination in the Schmidt case was that an award which had become final but had not been paid in full when the injured employee died could be revived irrespective of the cause of death. In that case the revivor action was brought in the name of certain beneficiaries enumerated in Sec. 48, and no issue was presented that such beneficiaries did not come within the purview of subsections (a), (b), (c) or (d) of Sec. 48. The primary issue in the instant proceeding is whether an administrator comes within the purview of Section 48, where no person or persons meet the requirements therein set forth.

In Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584, promulgated in 1948, the award was revived by the trial tribunal in favor of the minor heirs of the deceased

employee. Such minor heirs come within the purview of Sec. 48. One of the primary issues therein considered and determined was that the provisions of Sec. 41, relative to the revivor of awards, are applicable to awards against the Special Indemnity Fund.

In Special Indemnity Fund v. Williams, Okl., 283 P.2d 196, the revivor action was brought by the decedent's surviving widow and four minor children, and we held:

"Under 85 O.S.1951 § 41, which provides an award for disability may be made after the death of the injured employee where death results from causes other than the injury, the State Industrial Commission has the power to revive a proceeding brought by an employee to recover compensation under Workmen's Compensation Law where the employee dies from causes other than the injury after filing his complaint and before the entry of an award."

It is apparent that the above cases are neither persuasive nor controlling in the instant proceeding.

 Although the Workmen's Compensation Law should receive a liberal construction in favor of those entitled to its benefits, the benefits are purely statutory and we cannot give awards the quality of survivability without legislative sanction. Our sole concern, as a judicial branch of our government, is to test the law as measured by our State and Federal Constitution and if found constitutionally unobjectionable, the law must be construed and applied as enacted by the Legislature.

Section 48 specifically sets forth the person or persons entitled to the benefits in case of death of an employee who dies due to a cause other than the injury for which the employee had been awarded compensation. However, the deceased employee's heirs as a class or the administrator of his estate are not included and there is no statutory provision authorizing the revivor of such award in favor of anyone who does not meet the requirements of Sec. 48.

We therefore conclude that where an award has been made to an injured employee and such employee dies due to a cause other than the injury for which he had been awarded compensation, if no person or persons come within the purview of Title 85 O.S.1961, § 48, the unaccrued payments of such award abate upon the death of the employee and the State Industrial Court is without authority to revive such award for the benefit of the deceased employee's estate.

Since the State Industrial Court was without authority to revive the award in favor of the administrator for the benefit of the estate, the order of revivor must be vacated.

Order of revivor vacated.