**OK IRON & METAL COMPANY and CNA Insurance Companies, Petitioners,**

v.

**Lynn J. GARDNER, Deceased, Christine Vaughn, Surviving Heir-at-Law, and the Workers' Compensation Court, Respondents.**

**No. 81731.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 8, 1994.

Certiorari Denied April 6, 1994.

Todd Estes and Haven Tobias, Oklahoma City, for petitioners.

Albert M. Morrison and John R. Colbert, Oklahoma City, for respondents.

## MEMORANDUM OPINION

JONES, Judge:

Petitioner appeals an order of the Three–Judge Panel of The Workers' Compensation Court which modified the order of the trial court. The review panel awarded a lump sum permanent partial disability payment to the estate of the now deceased, injured employee. The issue to be determined is a legal one—whether the award abated upon the death of the injured claimant.

The facts are undisputed. The employee, Lynn J. Gardner, sustained a compensable personal injury while in Respondent's employ on or about September 12, 1990. His employer paid temporary total disability benefits from September 13, 1990, to June 5, 1991. All medical bills were also paid. Employee died on June 4, 1991, from a cause unrelated to his accident. He was a widower with surviving children, but none under the age of 18.

Claimant's Form 3 was filed November 20, 1990, by Christine Vaughn, the employee's step-daughter, as Personal Representative of his estate. Orders of The Workers' Compensation Court dated February 20, 1992, and March 10, 1992, substituted Christine Vaughn, individually as the Claimant.

The case was tried on January 25, 1993, for determination of permanent partial disability. The deceased was found to have sustained 10% permanent partial disability to the left leg and 11% permanent partial disability to the body as a whole.. Compensation was awarded for 80 weeks at $173.00 per week, and was ordered to be paid in a lump sum of $13,840.00. Also awarded were costs, taxes and attorney fees. The trial judge found Ms. Vaughn to be a "surviving, dependent heir-at-law" and "entitled to the award".

The Three–Judge Panel affirmed the award for permanent partial disability, but modified the order, finding that the estate of the deceased, rather than Christine Vaughn, individually, was entitled to the award.

Petitioners now contend there was no authority to substitute the estate as Claimant, and, more significantly, after the death of the injured employee, his workers' compensation claim abated and there was no one statutorily qualified to revive it. In support thereof, they cite 85 O.S. § 48(1)(b) and the case of *Special Indemnity Fund v. Willoughby*, 408 P.2d 536 (Okl.1965). Respondent says consideration must also be given to the last paragraph of 85 O.S. § 41 and the case of *National Zinc Co. v. Wilson*, 381 P.2d 151 (Okl.1963).

We have reviewed the applicable law. The crux issue is whether there was anyone statutorily entitled to the award. This question is answered by *Willoughby*. Although *Willoughby* differs in its facts,[1] regardless of whether an award is authorized under § 48 or under § 41, it makes it clear that revivor may only be accomplished by or for the benefit of those individuals specified under § 48. *Willoughby*, supra, at 540. Section 48(1)(b) provides that an award for permanent partial disability, where the claimant has died from causes other than his injury and where there is no surviving spouse, shall be paid to surviving children of the deceased, under the age of 18, or "dependent blind or dependent crippled child or children of any age ...". It was not disputed that there is no surviving spouse, no dependent children under the age of 18, and no dependent blind or dependent crippled children of the deceased.

Respondent argues that § 48(1)(b) should be read as allowing dependent children of any age to be the beneficiary of a disability award after the death of their claimant parent. Evidence at trial was presented to show the dependency on the deceased of the step-daughter, Claimant, Christine Vaughn. The statute, however, is not ambiguous. If the Legislature had intended to provide for any dependent child, regardless of age, it would have surely so stated without making a redundant referral to "dependent blind" and "dependent crippled" children. The reference in the statute to "child or children of any age" is clearly modified by "dependent blind or dependent crippled".

---

1. In *Willoughby*, the disability award was granted prior to claimant's death from other causes. Out of an award of $11,550.00, $6,536.25 remained unpaid at the time of the claimant's death.

The order of the Three–Judge Panel must be vacated for the reason that there is no person qualified under 85 O.S. § 48 to receive any disability award. As this is dispositive of the case, we render no decision as to other alleged or possible errors.

VACATED.

HANSEN and ADAMS, JJ., concur.