**Raymond Armand LaCHANCE,
Petitioner,**

v.

**SPECIAL INDEMNITY FUND and
Workers' Compensation Court,
Respondents.**

**No. 88102.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

March 11, 1997.

Harry J. Kouri III and Sidney A. Musser, Jr., Abel, Musser, Sokolosky, Mares, Burch & Kouri, Oklahoma City, for Petitioner.

Georgiana Peterson and Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Respondents.

REIF, Judge.

The dispositive question presented is whether the workers' compensation court can

award material increase compensation from the Special Indemnity Fund after an employee's death. This question arose because the employee herein died from cancer before his material increase claim against the Fund could be tried. Employee's surviving spouse continued prosecution of the claim and was successful in establishing that employee was a previously impaired person who had a 4% material increase in permanent partial disability to the body as a whole from combining his preexisting disability and the disability from his latest job-related injury. Despite finding that all of the material increase compensation for the 4% had accrued before his death, the trial court denied the claim against the Fund.

The Special Indemnity Fund successfully argued to the trial court that no award can be made after the employee's death in view of 85 O.S.Supp.1996 § 172(D). This section provides that "[a]wards from the Special Indemnity Fund shall abate upon the death, from any cause, of the employee." The surviving spouse of the deceased employee argues that § 172(D) cannot be read to bar *all* recovery from the Fund in light of subsection (B) of § 172. This provision, and subsection (A) of § 172, fix the right of an employee to receive compensation for his combined disability *from* the last payment on the award for the latest injury, *until* paid in full, or, at least, until the death of the employee. Surviving spouse contends that material increase compensation starts accruing after the last payment for the latest injury and continues until death, regardless of when the material increase is adjudicated. Surviving spouse believes that the only portion of a material increase award that abates is that which remains to be paid following the employee's death. For the reasons that follow, we agree with surviving spouse and reverse.

The case of *Special Indemnity Fund v. Duff*, 200 Okla. 57, 191 P.2d 584, 587 (1948), recognized a distinction between accrued and unaccrued material increase compensation from the Fund and allowed recovery of the unaccrued compensation by the minor children of the deceased employee. Unaccrued compensation is the compensation that re- mains to be paid on the award following the death of the employee.

There can be little doubt that § 172(D) abrogated recovery of *unaccrued* compensation as recognized in *Duff*. It is not so clear, however, that the legislature intended the *abatement of awards* to bar prosecution of a claim for material increase compensation from combined disability that "accrues" after the last payment on the latest injury up to the death of the employee. The mandatory language in § 172(A) and (B) suggests a contrary intention as does the last sentence in 85 O.S.Supp.1996 § 41(C), which states: "[a]n award for disability may be made after the death of the injured employee, when death results from causes other than the injury." The supreme court has held that this provision in § 41 allows *revivor of a proceeding* against the Special Indemnity Fund where the employee dies from causes other than the injury after filing his claim and before entry of an award. *Special Indemnity Fund v. Williams*, 283 P.2d 196, 197–98 (Okla.1955). The *Williams* case specifically *rejected* the Fund's argument that "the action itself could not have been revived but abated upon his death." *Id.* The court held "[t]he contention of the Fund that *the action* as against it abated upon the death of [the employee] cannot be sustained." *Id.* (emphasis added).

In deciding what "abates" under § 172(D), the key word is "award." As pointed out in *Matter of Death of Strunk*, 822 P.2d 1140, 1141 (Okla.App.1991), the term "award" is not defined in the workers' compensation act or in Oklahoma common law. The court, therefore, looked to other jurisdictions and cited favorably the definition from the Arizona case of *O'Neill v. Martori*, 69 Ariz. 270, 212 P.2d 994, 996 (1949). The court in *O'Neill* defined an award as a "finding or decision ... of the amount of compensation or benefit due an injured employee or the dependents of an injured employee." The supreme court of Oklahoma has taken a similar view of "award" in cases involving change of condition. The term has been defined to be "the decision, determination, or judgment for money, hospitalization, crutches or other compensation in favor of the claimant."

*Murch Bros. Const. Co. v. Cupp,* 177 Okla. 102, 57 P.2d 852, 855 (1936) (citing *Olentine v. Calloway,* 147 Okla. 137, 295 P. 608, 610–11 (1931)). As the *Olentine* case points out, "[i]n order for the compensation to be ended, diminished, or increased [on a motion to reopen], there must have been compensation awarded in the first instance. That which never existed cannot be ended, diminished, or increased." *Id.,* 295 P. at 610. Similarly, for an award of compensation to be abated, there must be a preexisting award with unaccrued benefits to abate.

We must presume that the Oklahoma legislature was familiar with *Duff* and *Williams* when it added § 172(D) in 1977 and knows the difference between abatement of an action or proceeding and abatement of an award. If the legislature had intended the death of an employee to abate the prosecution of a claim for material increase compensation that has accrued from the last payment for the latest injury per § 172(B) up to the employee's death, it would have said so.

■ The only remaining issue to be addressed is the Fund's proposition that this claim was not prosecuted by the real party in interest. The Fund argued in its motion to dismiss this review proceeding and in its brief that surviving spouse was not the real party in interest. The Fund urges application of the general civil procedure statutes concerning substitution of a party and argues that surviving spouse's noncompliance therewith bars recovery. We cannot agree. In *Pine v. Davis,* 193 Okla. 517, 145 P.2d 378, 381 (1944), the supreme court held that "no formal action other than that of substitution in the proceeding is necessary [and] no particular method of procedure [needs] to be pursued in making the order other than notice ... and giving ... an opportunity to be heard." At the hearing in the instant case, the Fund raised no objection to the surviving spouse prosecuting this claim. The hearing afforded the Fund sufficient notice and opportunity to be heard on this issue. Having failed to object in the trial court, the Fund will not be heard to complain of this on review.

In the absence of any other guidance, we hold that an award of material increase compensation from combined disability that has accrued from the last payment of the latest injury per § 172(B) up to the employee's death is payable as provided in § 48. This conclusion is warranted by the fact that the material increase from combined disability is simply a portion of a claimant's permanent partial disability. Given the testimony in this case, surviving spouse would be entitled to half of the award, with the remaining half going to the three surviving minor dependent children. *See* 85 O.S.Supp.1996 § 48(1)(c). Even though surviving spouse had a sufficient interest in this case to permit her to prosecute the claim and bring this review proceeding, she is not entitled to the entire award. On remand, further proceedings should be held so that the three minor dependent children can enter an appearance to receive their share of the award.

ORDER VACATED AS TO THE DENIAL OF THE CLAIM AND REMANDED FOR ENTRY OF AN AWARD FOR ACCRUED MATERIAL INCREASE COMPENSATION TO SURVIVING SPOUSE AND CHILDREN.

TAYLOR, V.C.J., and GOODMAN, P.J., concur.