1999 OK CIV APP 109

**Cecil HARJO, Administrator Of The Estate Of Abbey Harjo, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and The Workers' Compensation Court, Respondents.**

No. 92,734.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 3, 1999.

Publication Ordered Sept. 28, 1999.

Thomas Whalen, Owasso, Oklahoma, For Petitioner,

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, Oklahoma, For Respondent Special Indemnity Fund.

BUETTNER, Presiding Judge:

¶ 1  Petitioner Cecil Harjo, administrator of the estate of Abbey Harjo (Administrator), appeals from an order of a three-judge panel of the Workers' Compensation Court which affirmed an order of the trial court. The trial court order found that any accrued potential award of compensation abated on the death of the claimant Abbey Harjo.

¶ 2  The record in the instant case indicates that Harjo filed a Form 3 August 9, 1994, alleging cumulative trauma to the right hand and left hand and arm with a date of last exposure of August 5, 1994. The Work-ers' Compensation Court entered an order June 6, 1995 in which it found that Harjo and Employer Yale Cleaners had entered a Form 14 agreement as to injury and compensation February 1, 1993, which addressed a May 22, 1991 cumulative trauma injury to the right wrist. The order further found that Harjo suffered a single event injury to her right arm and hand in April 1992, and that Harjo suffered a cumulative trauma injury to the hands in March 1993. The order found that Harjo had suffered a change of condition for the worse and reserved the issues of temporary and permanent disability for later hearing.

¶ 3  A joint petition was filed August 8, 1996, in which Employer and its insurer agreed to pay Harjo $32,375.00 in settlement of her permanent disability claims. Harjo filed her claim against Respondent Special Indemnity Fund (the Fund) August 26, 1996. Harjo alleged in her claim that her most recent injury was 35% disability to the whole body as addressed in the joint settlement petition. Harjo alleged her May 22, 1991 injury as her prior disability. A motion to set the matter for trial on the issue of permanent total disability against the Fund was filed February 2, 1998.

¶ 4  Harjo's counsel filed a motion for substitution of parties October 13, 1998, in which he informed the court that Harjo died June 27, 1998 of respiratory failure. Harjo's counsel sought the substitution of Administrator as the petitioner. The trial court entered its order substituting Administrator as the proper party October 30, 1998. The court entered the order subject to the instant appeal December 18, 1998. In the order the court found that the parties stipulated there are no beneficiaries or dependents of Harjo, as defined in 85 O.S.1991 § 48, and that under § 48(1)(e) "any potential award of benefits to which the deceased claimant's beneficiaries or dependents may have been entitled to under 85 O.S. § 41(C) is abated. This includes any accrued potential award which may not be subject to the provisions of 85 O.S. § 172(D)." The three-judge panel affirmed this order.

¶5 Administrator argues that the order is too vague because it is unclear when the award abates; that application of 85 O.S. 1991 § 48 to the instant case is contrary to law; and that abatement of the award violates the Oklahoma Constitution. We sustain the panel's order.

¶6 First, we note that Administrator asserts that a settlement with the Fund had been entered and that the award had accrued at the time of Harjo's death. No settlement agreement between Harjo or Administrator and the Fund appears in the record. This fact is not determinative of the case, however. Claims against the Fund are governed by 85 O.S.1991 §§ 171 and 172. Section 172(D) provides that "awards from (the Fund) shall abate upon the death, from any cause, of the employee." Title 85 O.S.1991 § 41(C) provides, in pertinent part, that "an award for disability may be made after the death of the injured employee, when death results from causes other than the injury." Title 85 O.S.1991 § 48 addresses who may receive compensation awards after a claimant's death.[1] In the trial court's order, the

---

1. § 48 provides:

Claims for compensation or benefits due under the Workers' Compensation Act shall not be assigned, released or commuted except as provided by the Workers' Compensation Act, and shall be exempt from all claims of creditors and from levy, execution or attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees; provided, that if an employee dies as a result of his accidental personal injury or occupational disease, any unaccrued portions of an award or order for compensation benefits shall abate. Nothing in this section shall be construed to prohibit any party from the enforcement of any valid lien for child support or valid income assignment for child support.

The term "dependent", as used in this section, means actually dependent in fact upon the deceased employee, and refers only to a person who received more than half of his support from the employee.

1. An award made to a claimant for permanent partial disability under the provisions of the Workers' Compensation Act shall, in case of the death of the claimant, due to causes other than his injury for which he has been awarded permanent partial compensation, be payable to and for the benefit of the following persons:

(a) If there is a surviving spouse and no child of the deceased under the age of eighteen (18) years, to the surviving spouse.

(b) If there is a surviving child or children of the deceased under the age of eighteen (18) years, or dependent blind or dependent crippled child or children of any age, but no surviving spouse then for the support of each such child, to share and share alike until the full payment of the award.

(c) If there is a surviving spouse, a surviving child or children of the deceased under the age of eighteen (18) years, or a dependent blind or dependent crippled child or children of any age, one-half (½) shall be payable to the surviving spouse and the other half to the surviving child or children.

(d) If there is no surviving spouse or child under the age of eighteen (18), or dependent blind or dependent crippled child of any age, then to the dependent parents to share and share alike, and if there are no dependent parents, then to the dependent brothers and sisters, to share and share alike.

(e) In the event the claimant is survived by none of the above named, then the award for compensation benefits shall abate.

2. If claimant has been adjudged a permanent totally disabled person prior to his death, and such death has resulted from causes other than his accidental personal injury or occupational disease causing such total permanent disability, the award may be revived and made payable to the following persons:

(a) If there is a surviving spouse, to such surviving spouse, fifty percent (50%) of the average weekly wages the deceased was earning, but in no event more than a maximum of Fifty Dollars ($50.00) per week.

(b) If there is a surviving spouse and dependent children under the age of eighteen (18) years or dependent blind or dependent crippled child of any age, the surviving spouse shall receive the amount set forth in subparagraph (a) of this paragraph and in addition the following amounts shall be paid:

(1) To one dependent child, fifteen percent (15%) of the weekly benefits awarded employee, but in no event more than a maximum of Fifteen Dollars ($15.00) per week.

(2) To two or more dependent children, twenty-five percent (25%) of the weekly benefits awarded employee, but in no event more than a maximum of Twenty-five Dollars ($25.00) per week, which shall be divided among the children, to share and share alike.

(c) If there is no surviving spouse, but there is a surviving child under the age of eighteen (18) years, or a dependent blind or dependent crippled child of any age, the child shall receive twenty-five percent (25%) of the weekly benefits awarded the decedent, but in no event more than a maximum of Twenty-five Dollars ($25.00) per week.

(d) If there is no surviving spouse, but there are two or more surviving children under the age of eighteen (18) years, or dependent blind or dependent crippled children of any age, the children shall receive fifty percent (50%) of the

parties stipulated that no beneficiary or dependent under § 48 exists in this case.

¶ 7 Whether an award is abated is a legal question. *OK Iron & Metal Co. v. Gardner*, 1994 OK CIV APP 16, 872 P.2d 405. This court has held that, because under § 172, an award from the Fund accrues at the date of the last payment of compensation for the most recent injury, an "accrued" award may be made against the Fund, after the death of the claimant, for compensation due from the Fund between the time of the last compensation paid under the most recent injury and the time of death. *LaChance v. Special Indemnity Fund*, 1997 OK CIV APP 16, 936 P.2d 961. In that case, this court held that an award abates and not the action, so that a party may still seek an award after the death of the claimant. This holding is consistent with § 41. However, more importantly, this court in *LaChance* also held that "an award of material increase compensation from combined disability that has accrued from the last payment of the latest injury per § 172(B) up to the employee's death *is payable as provided in § 48*." (Emphasis added). In *LaChance*, the claim for revivor of the action was brought by the claimant's surviving spouse. The court noted that the

surviving spouse was entitled to half of the award under § 48, but remanded the case for a determination of the portion of the award to go to the claimant's surviving children under § 48.

¶ 8 In addition, this court has held that there can be no revivor of a claim under § 41(C) where there is no surviving dependent as defined in § 48. *OK Iron & Metal Co.*, 872 P.2d at 407. In that case, the trial court awarded permanent partial disability after the death of the claimant pursuant to § 41(C). This court vacated the order because there was "no person qualified under 85 O.S. § 48 to receive any disability award." Accordingly, although an action against the Fund after Harjo's death could have been brought by a § 48 dependent under *LaChance*, because the parties stipulated that no § 48 beneficiary or dependent exists, any claim for compensation from the Fund is moot as there is no party to whom payment could be made. We therefore sustain the panel's order.[2]

¶ 9 SUSTAINED.

¶ 10 JOPLIN, J., concurs; GARRETT, J., concurs in result.

weekly benefits awarded the decedent, but in no event more than a maximum of Fifty Dollars ($50.00) per week, which shall be divided among the children to share and share alike.

(e) The income benefits payable for the benefit of any child under this section shall cease when the child dies, marries or reaches the age of eighteen (18) years, or when a child over eighteen (18) years of age ceases to be physically or mentally incapable of self-support, or if actually dependent ceases to be actually dependent, or if enrolled as a full-time student in any accredited educational institution, ceases to be so enrolled or reaches the age of twenty-three (23) years. A child who originally qualified as a dependent by virtue of being less than eighteen (18) years of age may, upon reaching age eighteen (18) years, continue to qualify if the child satisfies the tests of being physically or mentally incapable of self-support, actually dependent or enrolled in an accredited educational institution.

(f) If there is no surviving spouse or children under the age of eighteen (18) years or dependent blind or dependent crippled children of any age, then to the surviving dependent parents of the decedent fifty percent (50%) of the weekly

benefits awarded the employee, but in no event more than a maximum of Fifty Dollars ($50.00) per week. If there is only one dependent surviving parent, then the surviving dependent parent shall receive twenty-five percent (25%) of the weekly benefits awarded employee, but in no event more than a maximum of Twenty-five Dollars ($25.00) per week. Payments shall continue during the dependent parent's lifetime and shall abate upon the death of the dependent parent or when the dependent parent is no longer dependent.

(g) If there is no surviving dependent persons as set forth herein, the award for compensation benefits shall abate.

(h) The maximum weekly income benefits payable for all persons in case of the employee's death due to causes other than the accidental personal injury or occupational disease shall not exceed seventy-five percent (75%) of the average weekly wage of the employee, subject to the maximum limits of compensation set forth in Section 22 of this title.

2. The effect of the trial court's order is apparent and we therefore disagree with Administrator that the order is sufficiently vague to require

vacation. Administrator's argument that abatement in this case is unconstitutional is without merit. Administrator argues that the order impairs a contractual obligation in violation of Okl. Const. Art. 2, § 15. We agree with the Fund that, absent a contractual agreement in the record, there is no evidence of a contract which has been impaired. The Workers' Compensation Act is a product of the Legislature's exercise of its police power and it alone determines coverage under the Act. *Sloan v. Ringwald,* 1996 OK CIV APP 162, 940 P.2d 234. The legislature, through § 48, has determined coverage in the event of the death of the claimant. Administrator has not presented authority that this exercise of the police power is unconstitutional.